MR.& MRS. FRANCISCO PEDRAZA ON BEHALF OF MICHAEL PEDRAZA
22 SOUZA COURT
ALAMEDA,CA. 94502
(510)522-9232



RECEIVED
2008 FEB 11 P 5:37
RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEDRAZA et al,

Plaintiff

v.

ALAMEDA UNIFIED SCHOOL DISTRICT et al,

Defendants

CASE NO. C07-05989VRW
C07-04781VRW
C05-04977VRW

PLAINTIFF'S NOTICE OF COUNSEL'S FAILURE TO RESPOND TO ORDER TO SHOW CAUSE AND PLAINTIFF'S STATEMENT OF NONOPPOSITION
*CLR 7-3(b)*

Linda and Francisco Pedraza herein after "Plaintiffs" hereby respectfully submit the following statement of nonopposition.

Plaintiffs also move this court at this time to take judicial notice that Mr. Goins failed to respond to Plaintiff's December 26, 2007 order to show cause for why he should not be held accountable for his attorney negligence and misconduct to Plaintiffs. *(Jura Publica Antelferenda Privatis)*

**I. INTRODUCTION**

Plaintiffs move this court at this time to take notice that on or about December 27, 2007 Mr. Vernon C. Goins was provided notice of an order to show cause before this court for why he should not be held accountable for his attorney negligence to Plaintiff's. Mr. Goins has not responded to Plaintiff's order to show cause and therefore has by nonopposition consented to Plaintiff's prayer for relief as outlined in Plaintiffs December 26, 2007 opposition. (See attached herewith Exhibit 1)

**II. FACTUAL SUMMARY**

On or about September 17, 2007 Mr. Vernon Charles Goins, filed an action C07-04781MEJ, subsequently related as C0-704781VRW and now consolidated into C05-04977VRW pending reconsideration in the Northern District Federal Court. Mr. Goins did not inform Plaintiffs that he was planning to file a "complaint for damages," and he did not prior and subsequent to doing so inform Plaintiffs a "complaint for damages" had been filed in the Northern District Court. Plaintiffs sought a copy of this complaint from Mr. Goins on or about October 31, 2007. Plaintiffs request for a copy of the C07-04781VRW was ignored as Mr. Goins has ignored all of our inquiries and he has failed to respond to numerous motions made by the Defendants. (See attached herewith Exhibit 2)

On or about November 14, 2007 Plaintiffs/Petitioner filed a "nunc pro tunc" appeal and "Writ of Mandate" in state court as a corrective action to Mr. Goins negligence. Subsequent to this time on or about December 11, 2007 Plaintiffs moved to dismiss Mr. Goins for his negligence, and failure to follow the administrative procedure act and his failure to exhaust Plaintiffs due process remedies.

On or about December 18, 2007 (and subsequent to Plaintiffs motion to dismiss Mr. Goins) Mr. Goins filed a motion to withdraw as Plaintiffs counsel.

Plaintiffs moved on or about December 26, 2007 for an order to show cause and a statement of opposition to reprimand Mr. Goins for his attorney negligence and failure to respond to the Defendants motions, as well as his failure to adhere to the California Administrative Procedure Act which requires an appeal and an exhaustion of Plaintiffs administrative remedies in state court.

Mr. Goins has not responded to Plaintiffs order to show cause and therefore by nonopposition has consented to Plaintiffs prayer for relief. Plaintiffs bring to the courts attention that the Defendants in Case No. 05-04977VRW have filed numerous motions including a laches and estopple as a result of Mr. Goins filing of a "complaint for damages" Case No. C07-04781VRW and the Defendants have further moved under the consolidated case No. C05-040977VRW claim for the same damages.

A copy of the "complaint for damages" filed by Mr. Goins without out our request, consent, and verification is Plaintiffs first cause for action and proof of damage. (See exhibit A attached herewith)

Plaintiffs second cause for action and proof of negligence is Mr Goins negligence and failure to exhaust Plaintiffs administrative remedies pursuant to Title 20 U.S.C. §1415 and as required by the California Administrative Procedure Act.

Plaintiffs third cause for action and proof of attorney negligence and misconduct is Mr. Goins failure to respond to the Defendant's motions and Plaintiffs request and inquiries. (See Exhibit B attached herewith)

Plaintiffs fourth cause for action and proof of attorney negligence is based on evidence that Mr. Goins behavior and negligence is the direct result of our expressing concern with his representation and conduct in the handling of our complaint.

We further hold this to be true as "common sense" would convey that Plaintiffs would not be entitled to damages in the OAH hearing decision which Plaintiffs were not the prevailing party; Mr. Goins conduct and filing of complaint C07-04781VRW rather than appealing the OAH hearing decision is consistent with further evidence of his malice for Plaintiffs, and Plaintiffs maintain their position that the pleading in case C07-04781VRW be striken pursuant to FRCP 60(b).

Mr. Goins has a duty to know, properly advise and accordingly follow the legal procedure in appealing the OAH hearing decision as required by the California Administrative Procedure Act and he is to competently officiate and inform us of matters which would adversely affect our complaint. To no avail and of Mr. Goins own accord he failed to do so.

Mr. Goins behavior in each of the matters now before this court unquestionably constitutes serious misconduct. As we have repeatedly stated, willful failure to perform legal services for which Mr. Goins was retained and each action itself warrants disciplinary action, constituting a breach of the good faith and fiduciary duty owed by Mr. Goins to Plaintiffs.

## II. **LEGAL ARGUMENT:**

First, it is Plaintiffs position that Mr. Goins neglected to follow the required procedure pursuant to Model State APA §4-301,4-216,4-217,4-202(C), 4-301 3-4, 4-208, 4-106 CCP §430.30, CCP §1094.5(b) and in doing so knowingly filed a "complaint for damages" which Mr. Goins knew Plaintiffs would not be entitled to damages, as Plaintiffs were not the prevailing party of the OAH hearing decision. Mr. Goins has a duty to maintain his profession without malice or reckless disregard for his clients interest. Mr Goins conduct has compromised Plaintiffs case standing and subject Plaintiffs to irreparable harm. ***See (Simmons v. State Bar (1970) 2 Cal.3d 719,87 Cal Rptr.368)***

*"Gross carelessness and negligence constitute a violation of the oath of and attorney to discharge faithfully the duties of an attorney to the best of his knowledge and ability and involve moral turpitude, in that they are a breach of the fiduciary relation which binds him to the most conscientious fidelity to his clients interest."* ***See also (Stephens v. State Bar, 19 Cal.2d 580, 582-583 [122 P.2d 549];Bruns v State Bar, 18 Cal 2d 667, 672 [3] [117 P.2d 327];Rock v State Bar, 57 Cal. 2d 639 [21 Cal.Rptr. 572, 371 P. 2d 308, 96 A.L.R.2d 818].)***

The duty of the court lies in the assurance that the public will be protected in the performance of the high duties of the attorney rather than in an analysis of the reasons for his delinquency. The primary concern must be the fulfillment of proper professional standards, whatever the unfortunate cause, emotional or otherwise, for the attorney's failure to do so. ***See (Alkow v. State Bar 3 Cal 3d 924,92 Cal Rptr 278)***

Second, in an order to show cause Mr. Goins was charged with violations of his oath and duties pursuant to the Business and Professional Code §6103, §6106, §6067, and §6068. Mr. Goins is required to never to seek to mislead the judge or any judical officer by an artifice or false statement of fact or law, not to encourage the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest, never to reject for any consideration person to himself, the cause of the defenseless or the oppressed, to respond promptly to status inquires of clients and to keep clients informed of significant developments in matters with regard to which the attorney has agreed to provide legal services and to respond to motions accordingly with accurate and detailed fact in pleadings which are consented, and verified by his clients.

The willful failure to perform legal services for which the attorney has been retained in itself warrants disciplinary action, constituting a breach of the good faith and fiduciary duty owed by the attorney to his client. Mr. Goins owes the highest duty of fidelity to his clients, Plaintiffs. ***See (Clancy v. State Bar 71 Cal.2d 140,146[77 Cal Rptr. 657,454 P.2d 329]; Magee v. State Bar,58 Cal.2d 423, 430-431[24 Cal.Rptr 839,374,P.2d 807].)***

**III. CONCLUSION**

Mr. Goins has an ethical duty to inform Plaintiffs of matters which may affect their case during the pendency of an action. The course of action which Mr. Goins has taken of his own accord has substantially and materially altered the case standing in C05-04977VRW and will result in irreparable harm to Plaintiffs if Mr. Goins is not held accountable for his attorney negligence to Plaintiffs.

Mr Goins was advised of Plaintiffs concern that they would not receive an impartial and fair hearing; and Plaintiffs requested Mr. Goins to marshal to protect their interest, contrary to Plaintiffs request; Mr Goins chose to ignore Plaintiffs inquiries and request and further failed to respond numerous motions made by the Defendants.

Plaintiffs seek to dismiss Mr. Goins on the grounds that he knowingly filed a "complaint for damages" which he knew Plaintiffs would not be entitled to damages as Plaintiffs were not the prevailing party of the OAH hearing decision which Mr. Goins based his complaint for damages on. We further move to dismiss Mr. Goins on the basis that he filed the complaint for damages without our request, consent and verification and he fabricated the pleadings in C07-04781MEJ now C07-04781VRW.

Plaintiffs further seek to dismiss Mr Goins for his failure to respond to the Defendants motions and to adhere to the administrative procedure act which requires and appeal and exhaustion of Plaintiffs administrative remedies in state court. Plaintiffs seek all available relief for these misrepresentations and negligence.

The grounds for Plaintiffs motion is based on this statement of nonopposition, Plaintiffs opposition to Mr Goins motions and declaration, Plaintiffs order to show cause, Defendants motions, and claims, and all responses made by Plaintiffs as a result of Mr. Goins failure to respond to the Defendants motions.

**IV. PRAYER FOR RELIEF**

1. A finding that Plaintiffs did not request Mr. Goins to file a complaint for damages.

2. A finding that Plaintiffs did not consent to or verify the pleadings Mr. Goins filed on September 17, 2007.

3. A finding that the APA requires an exhaustion of due process administrative remedies in state court before requesting relief in this courts jurisdiction.

4. A finding that Mr. Goins failed to exhaust Petitioners administrative remedies prior to filing a complaint for damages in federal district court.

5. An order that Mr. Goins knowingly filed a "complaint for damages" which he knew Plaintiffs would not be entitled to damages (as Pliantiffs were not the prevailing party of the OAH hearing decision) without first appealing the ALJ June 2007 hearing decision and exhausting Plaintiffs state administrative remedies.

6. An order pursuant to Civ LR 11-8 that any adverse or deleterious findings in Plaintiffs cases subsequent to Mr. Goins negligence and conduct, will require Mr. Goins and his law firm to directly be liable and pay for any and all claims and damages resulting from his actions or lack of response.

7. An order pursuant to FRCP 60(b) to striking all pleadings made by Mr Goins do to his negligence and excuseable neglect for any failures to respond to motions made by Defendants.

8. An order rendering this courts recognition of these cases as related to fall well within the scope of Mr. Goins representation of Plaintiffs claims with the Defendants.

9. An order pursuant to Civ LR 11-7(d) requiring Mr. Goins to return all fees paid him and expenses which we have or will incur as a result of his negligence and conduct. (See Civ LR 7-13 Notice of Submitted Matters)

I declare under the penalty of perjury under the laws of the state of California the foregoing statements to the best of my knowledge and belief contains the relevant facts relating to our request and such facts are true and correct.

Dated: February 7, 2008

Prayerfully,

Linda L. Haynes-Pedraza

# EXHIBIT 1

MR.& MRS. FRANCISCO PEDRAZA
22 SOUZA COURT
ALAMEDA,CA. 94502
(510)522-9232

LINDA PEDRAZA ON BEHALF OF
MICHAEL PEDRAZA, Petitioner

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEDRAZA et al,

Plaintiff

v.

ALAMEDA UNIFIED SCHOOL DISTRICT et al,

Defendants

CASE NO. C07-05989VRW
C07-04781VRW
C05-04977VRW

PLAINTIFFS OPPOSITION TO COUNSEL MOTIONS AND DECLARATION,
PLAINTIFFS DECLARATION MEMORANDUM OF POINTS AND AUTHORITES

DATE: January 24, 2008

TIME: 2:00 p.m.

PLACE: 450 GOLDEN GATE AVE. 17TH FLR., SAN FRANCISCO, CALIFORNIA, CA 94102

JUDGE: Hon. V.R. WALKER

Linda and Francisco Pedraza, herein after "Plaintiffs," hereby and respectfully submit the following opposition and rebut to Counsel, Mr. Goins, motion for leave of court and Mr. Goins declaration.

## I. INTRODUCTION

Plaintiffs seek to dismiss Mr. Goins as counsel of record on the grounds that he fabricated the pleadings in former case number C07-04781MEJ now assigned C07-04781VRW; and Plaintiffs have informed the court that Mr. Goins failed to consult with us or verify such pleadings with us prior and subsequent to his allegations. Additionally, Plaintiffs did not request Mr. Goins to file a complaint for damages, Mr. Goins took it upon himself to take this course of action which will prove adverse and deleterious to Plaintiffs and Plaintiffs maintain there position to strike the pleadings.

Plaintiffs further seek to have Mr. Goins reprimanded for his misconduct and failure to respond to the Defendants motions as this falls well within the scope of his representation agreement for Plaintiffs; as well as his failure to adhere to the administrative procedure act which requires an appeal and exhaustion of Plaintiffs administrative remedies in state court prior to filing a "complaint for damages" in federal jurisdiction.

Plaintiffs also seek all available relief for these misrepresentations and attorney negligence.

## II. **FACTUAL SUMMARY**

On or about September 17, 2007 Mr. Vernon Charles Goins, filed an action C07-04781MEJ now C0-704781VRW in the Northern District Federal Court.

Mr. Goins did not inform Plaintiffs that he was planning to file a complaint and did not subsequent to doing so inform Plaintiffs a complaint for damages had been filed in the Northern District Court. Plaintiffs sought a copy of this complaint from Mr. Goins on or about October 31, 2007. Plaintiffs request for a copy of the C07-04781VRW was ignored as Mr. Goins has ignored all of our inquiries and he has failed to respond to numerous motions made by the Defendants.

This conduct has continued unabated and has compromised Plaintiffs case standing. Plaintiffs deny and rebut pleading 17-19 on page two of Mr. Goins Motion for Leave of Court, factual summary beginning at "For more. . . . and ending at . . . Attorney." Mr. Goins did not consult with us a *"litigation strategy"* before taking it upon himself to file a *"complaint for damages."*

Plaintiffs deny and rebut pleadings 20-22 on page two beginning at "On May 7 . . . . and ending at . . . Counsel for Plaintiffs." Plaintiffs further deny and rebut pleading 25 of page two beginning at "whether . . . continuing to page three pleading 1 and ending at . . . Plaintiffs."

Plaintiffs deny and rebut pleadings 2-5 on page 3 beginning at "in light of . . . . and ending at . . . 2:00 p.m."

Plaintiffs deny and rebut pleadings 7-18 on page 3 beginning at "at the behest. . . . and ending at . . . . their son." Plaintiffs did not request Mr. Goins to file case no. C07-04781VRW. It is also clear that we, (Plaintiffs) are guardians ad litem on behalf of our son, and respectively have been required to marshall to protect our son's personal interest do to Mr. Goins negligence. Plaintiffs were never informed of Mr. Goins action in filing the "complaint for damages" and no such litigation strategy as Mr. Goins has alleged in his factual summary was discussed with us prior and subsequent to Mr. Goins filing of case no. C07-04781VRW.

Plaintiffs did file a petition for appeal in the Alameda Superior Court petition number RG07356345 the petition for appeal of an ALJ hearing decision is not a "complaint for damages" and does not involve the same matter and issues as alleged by Mr. Goins in his factual statement. Contrary to Mr. Goins assessment of the issues, what is at question in the Petition is the review of the administrative practice and governing of law, in which Petitioner was entitled to a fair trial in a fair tribunal which is a basic requirement of due process. The issues which are at questions in the superior court proceeding is not the same as the issues which were taken up at the due process hearing prior to the ALJ hearing decision of June 19, 2007.

Plaintiffs have since moved for reconsideration of the reassignment of the petition for appeal to federal district court. As our son's guardian ad litem we have the authority pursuant to FRCP Rule 17(c) to represent his personal interest particularly in light of Mr. Goins negligence.

The superior court has erred in its rejection of our appointment furthermore we are duly noted as guardian ad litem for our son as this court has purported this case to be related to C07-04977VRW. Rule 17(c) expressly entitles a general guardian to defend on behalf of the infant or incompetent person.

**Opposition to Mr. Goins Declaration Statement**

Plaintiffs deny and rebut pleading 6 on page 2 of Mr. Goins declaration and motion to withdraw. Mr. Goins has acknowledge receipt of Plaintiffs move to dismiss him as counsel in his factual summary and supporting documents.

Plaintiffs deny and rebut pleadings 13-22 Beginning at "When the local school district . . . . and ending at . . . . Representation of these clients." The path which the courts have expedited our claims have no bearing on Mr. Goins insubordination and disregard for his legal and ethical obligation to our son and us as his guardian ad litem and clients.

Plaintiffs deny and rebut pleadings 24-25 on page 2 beginning at "they have also . . . and ending at . . . purporting to act pro se." Any documents Plaintiffs have filed with this court has been due to the direct misconduct and refusal of Mr. Goins to respond to Defendants motions.

Plaintiffs deny and rebut pleading 1-3 on page 3 beginning at "Opposing counsel . . . . and ending at . . . . to do so."

Plaintiffs deny and rebut pleadings 4-6 on page 3 beginning at "a mandatory settlement conference . . . . and ending at . . . .settlement conference." Plaintiff had a medical emergency and Judge James Chambers was contacted by the hospital and Plaintiffs Doctor's office. Plaintiffs also requested Judge James Chambers to notify all parties to continue the matter for another date. Civ LR 6-2(a)(2)(3) (See Exhibit A)

Plaintiffs deny and rebut pleadings 7-16 on page 3 beginning at. . . "On September 17, 2007 . . . . and ending at . . . . attorney." Plaintiffs did not request Mr. Goins to file a complaint and this was not the procedure to follow in addressing a matter of administrative review and appeal.

## III. LEGAL ARGUMENT

Plaintiffs employ the legal standard on motion to be relieved do to attorney negligence pursuant to the Business and Professional Code 6068.

Mr. Goins is required to never seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law, not to encourage the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest, never to reject for any consideration personal to himself, the cause of the defenseless or the oppressed, to respond promptly to status inquires of clients and to keep clients informed of significant developments in matters with regard to which the attorney has agreed to provide legal services and to respond to motions accordingly with accurate and detailed fact in pleadings which are consented, and verified by his client.

## IV. CONCLUSION

We hold this courts recognition of the aforementioned cases as being related to be self-evident that any matters related to Plaintiffs and the Defendants to date; all fall well within the scope of Mr. Goins legal obligation to Plaintiffs under the representation agreement we have with him.

We further hold the Defendants recognition of the aforementioned cases as being related as evidence of their knowing that the "state" as a "party in interest" prior and subsequent to the April 2007 OAH hearings had an interest and "stake" in the outcome of the OAH hearing decision of June 19, 2007; which the state and Mr. Goins knew then and now that Plaintiffs could not receive an impartial and fair hearing.

*"It is well settled that the Due Process Clause prevents the state from depriving a plaintiff of a protected property interest without "a fair trail in a fair tribunal." The Due Process Clause entitles a person to an impartial and disinterested tribunal. This requirement applies not only to courts, but also to state administrative agencies. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome."*

The Defendants and Mr. Goins had knowledge of this fact then and certainly does at this time; yet Mr. Goins chose to ignore our inquiries, request and failed to respond to the motions of the Defendants to marshal and protect Plaintiffs interest in the matter of C05-04977VRW.

The attorney/client representation is one that requires a specific code of the highest ethical conduct on the part of Mr. Goins which he has failed to adhere to in his legal practice and representation of our son and ourselves.

This code of conduct requires Mr. Goins to not only keep us informed of all activities in this case but to also competently officiate matters of a concern which may abridge or affect the substantive interest or outcome of our complaint and as such, to accordingly inform us of our legal rights.

**IV. CONCLUSION CONTINUED**

To no avail he is to marshal against any actions which knowingly would create an adverse decision or result from his actions, leaving us, (Plaintiffs) exposed to damages. or claims against us as a result of attorney negligence.

We believe Mr. Goins behavior and negligence is the direct result of our expressing concern with his representation and conduct in the handling of our complaint. We believe the appropriate remedy in this case would be to have Mr. Goins reprimanded for his failure to obtain our consent, and verification in the filing of case no C07-04781VRW. We further seek all relief available to us for his negligence and failure to follow the Administrative Procedure Act in addressing an appeal in the proper venue before seeking damages or relief in this courts jurisdiction.

**Plaintiffs Prayer for Relief**

1. A finding that Plaintiffs did not request Mr. Goins to file a complaint for damages.

2. A finding that Plaintiffs did not consent to or verify the pleadings Mr. Goins filed on September 17, 2007.

3. A finding that the APA requires an exhaustion of due process administrative remedies in state court before requesting relief in this courts jurisdiction.

4. A finding that Mr. Goins failed to exhaust Petitioners administrative remedies prior to filing a complaint for damages in federal district court.

5. An order that Mr. Goins knowingly filed a "complaint for damages" which he knew we would not be entitled to damages without first appealing the ALJ June 2007 hearing decision and exhausting Plaintiffs state administrative remedies.

6. An order pursuant to Civ LR 11-8 that any adverse or deleterious findings in Plaintiffs cases subsequent to Mr. Goins negligence and conduct, will require Mr. Goins and his law firm to directly be liable and pay for any and all claims and damages resulting from his actions or lack of response.

7. An order pursuant to FRCP 60(b) to striking all pleadings made by Mr Goins do to his negligence.

8. An order rendering this courts recognition of these cases as related to fall well within the scope of Mr. Goins representation of Plaintiffs claims with the Defendants.

9. An order pursuant to Civ LR 11-7(d) requiring Mr. Goins to return all fees paid him and expenses which we have or will incur as a result of his negligence and conduct. (See Civ LR 7-13 Notice of Submitted Matters)

I declare under the penalty of perjury under the laws of the state of California the foregoing statements to the best of my knowledge and belief contains the relevant facts relating to our request and such facts are true and correct.

Dated December 24, 2007

Prayerfully,

Linda L. Haynes-Pedraza

# Exhibit A




DATE: 12-3-07

RE: Pedraza, Linda

To: Whom It May Concern

The above-named patient of mine:

✓ Was seen at my office on 12/3/07.

___ May resume work or school on ___________

___ May resume restricted work beginning ___________ through ___________.

COMMENTS:

Sincerely,

[signature]

DRS. Carandang, Iliff, Whitgob & Wu, NPS Norma Amantillo, & Amanda Lucas

2850 Telegraph Avenue, Suite 130, Berkeley, CA 94705
Family Practice & Internal Medicine
Tel: 510-883-9883 Fax 510-843-0804

# EXHIBIT 2

SENDING REPORT

Oct. 31 2007 02:27PM

YOUR LOGO : PEDRAZA LINDA
YOUR FAX NO. : 510 749-7072

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|---|---|---|---|---|---|---|
| 01 | 8934228 | Oct. 31 02:22PM | 05'12 | SND | 08 | OK |

TO TURN OFF REPORT, PRESS 'MENU' #04.
THEN SELECT OFF BY USING '+' OR '-'.

FOR FAX ADVANTAGE ASSISTANCE, PLEASE CALL 1-800-HELP-FAX (435-7329).

**URGENT NOTICE**
**FAX COVER PAGE**

From: Fax # (510) 749-7072
Total Number of Pages: 9

To: Vernon Goins, Esq.

From: Linda L. Haynes-Pedraza

Date: October 31, 2007

Re: Case No. C05-04977

---

Dear Mr. Goins,

Please find the attached correspondence for your perusal and immediate response!

Thank You!

Sent Via: Facsimile
U. S. Certified Mail Overnight

Mr. & Mrs. Francisco Pedraza
22 Souza Court
Alameda, CA 94502
(510) 522-9232

October 31, 2007

Vernon Goins, Esq.
TAYLOR & GOINS LAW OFFICES
1330 Broadway Street, Suite 1700
Oakland, CA 94612

RE: Case No. C05-04977

Dear Mr. Goins:

I write in brief as a follow-up to my September 11, 2007 correspondence to you. As you may recall, I requested that you preserve our son's right to appeal the OAH hearing decision.

Subsequent to my request, my husband and I did not hear from you. It has recently come to our attention that you filed complaint No. 3:07-cv-04781-MEJ with Magistrate Judge James. I would appreciate your immediately electronically forwarding me a copy of this complaint and providing the court with a notice of related case.

Additionally, on October 24, 2007 the AUSD, filed the attached complaint. I am requesting that you motion the court to consolidate this matter as it is not possible for the Respondents (us) to obtain an impartial and fair hearing. (see attached herewith Exhibit A)

Moreover, in light of our recent meeting with Magistrate James, it would be a prudent and judicious exercise of time and interest for all matters herein to be consolidated to attempt to resolve them at the prospective settlement conference to be held between the parties.

As you may well know such separate negotiations may very well merge and subsequently bar our existing claims; therefore rendering any course of action which we may seek to redress the OAH claims of the District impossible.

The new claim OAH No. N2007100793 further presents a conflict of interest which the state (as a *"party in interest")* has in overseeing any due process claims as they too are named Defendants in the matter of case No. C 05-04977.

I respectively request that you contact the court to make our request and concern known and accordingly notify the AUSD counsel, and ourselves of your motion.

Your favorable consideration and speedy reply is most appreciated!

Sincerely,

Linda L. Haynes-Pedraza

cc: attachment
The Honorable Magistrate Maria E. James

TIFIED MAIL™ RECEIPT
*tic Mail Only; No Insurance Coverage Provided)*
ery information visit our website at www.usps.com®

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

OAKLAND CA AIRPORT STA 94614
SEP 11 2007
USPS
Postmark Here

Vernon Goins, Esq.
1330 Broadway #1101
Oakland CA 94612

See Reverse for Instructions

Cash
Change Due: -$5.04

Order stamps at USPS.com/shop or call 1-800-Stamp24. Go to USPS.com/clicknship to print shipping labels with postage. For other information call 1-800-ASK-USPS.

Bill#: 1000401408710
Clerk: 07

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

******************************************
******************************************

HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS

******************************************
******************************************

Customer Copy

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Vernon Goins,
Law Offices
1330 Broadway #1101
Oakland CA 94612

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X L Gibson ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) L Gibson

C. Date of Delivery 9-12-07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7006 0810 0005 1547 6927

PS Form 3811, February 2004 Domestic Return Receipt

SENDING REPORT

Sep. 11 2007 04:22PM

YOUR LOGO : PEDRAZA LINDA
YOUR FAX NO. : 510 749-7072

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|---|---|---|---|---|---|---|
| 01 | 8934228 | Sep. 11 04:20PM | 01'09 | SND | 02 | OK |

TO TURN OFF REPORT, PRESS 'MENU' #04.
THEN SELECT OFF BY USING '+' OR '-'.

FOR FAX ADVANTAGE ASSISTANCE, PLEASE CALL 1-800-HELP-FAX (435-7329).

**URGENT NOTICE**
**FAX COVER PAGE**

From: Fax # (510) 749-7072
Total Number of Pages: 2

To: Vernon Goins

From: Linda L. Haynes-Pedraza

Date: September 11, 2007

Re: Hearing Decision Appeal Deadline

Dear Mr. Goins,

Please find attached for your perusal a letter outlining our request for you to preserve our son's appeal rights.

Thank You!

Sent Via: Facsimile
U. S Certified Mail Overnight

Mr. & Mrs. Francisco Pedraza
22 Souza Court
Alameda, CA 94501
(510) 522-9232
(510) 749-7072

September 11, 2007

Mr. Vernon Goins, Esq.
LAW OFFICES OF TAYLOR, GOINS, & STALLWORTH LLP
1330 Broadway, Suite 1701
Oakland, CA 94612

RE: ATTORNEY/CLIENT REPRESENTATION, APPEAL OF OAH HEARING DECISION.

---

Dear Mr. Goins,

I write in brief to request that you preserve our son's right to appeal the OAH hearing decision in the matter of Case number N2006100740. As you may well know the ALJ hearing decision is appeal able within ninety days of receipt of the decision which requires us to petition the court no later than this Friday, September, 14, 2007.

Unfortunately, the deadline is quickly approaching for appealing this matter; therefore, I am writing to request that you immediately take the necessary actions required to preserve our son's right to appeal the recent ALJ hearing decision.

I am also requesting (due to the recent cancellation of the September 07, 2007 representation settlement conference by Magistrate James) that you motion the court to stay the matter until the parties are able to reconvene and settle the matter of our son's legal representation.

Please be advised that should you fail to respond to our request, we will be forced to take the necessary actions warranted to protect our son's interest and legal rights.

Your immediate attention and reply is most appreciated!

Sincerely,

Linda L. Haynes-Pedraza

# EXHIBIT A

E-filing

VERNON C. GOINS II (#195461)
TAYLOR, GOINS &STALLWORTH LLP
1330 Broadway, Suite 1701
Oakland, CA 94612
Telephone: (510) 893-9465
Facsimile: (510) 893-4228

ORIGINAL FILED SEP 17 2007 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND

LINDA PEDRAZA and FRANCISCO PEDRAZA, individually and as guardians ad litem on behalf of their son MICHAEL PEDRAZA

ADR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

C07-04781

| | |
|---|---|
| LINDA PEDRAZA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT, AND the CALIFORNIA DEPARTMENT OF EDUCATION, THE ALAMEDA COUNTY BOARD OF EDUCATION, ALAN NISHINO, individually and as the Superintendent of the Alameda County School District, ARDELLA DAILEY, as Superintendent of the Alameda Unified School District, DAVID WAX, individually and as Special Education Director of the Alameda County School District, THERESA ANDERBERG, as Special Education Director of Alameda Unified School District, CALIFORNIA DEPARTMENT OF EDUCATION and JACK O'CONNELL as State Superintendent of Public Instruction for the State of California.<br><br>Defendants. | **COMPLAINT FOR DAMAGES.** |

Plaintiffs LINDA PEDRAZA and FRANCISCO PEDRAZA, individually and as guardian ad litmes on behalf of their son MICHAEL PEDRAZA a minor (collectively, the "Pedrazas" and "Parents"), complain of Defendants and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this civil action and appeal pursuant to 28 U.S.C.§ 1331 and 1343 in that the claims alleged herein arise under the laws of the United States, including the Individuals with Disabilities Education Act (IDEA), as amended, 20 U.S.C. § § 1400 et. Seq., expressly § 1415(i)(2). Original jurisdiction is also conferred upon this Court to redress the deprivation of these Plaintiffs' rights privileges and immunities secured by federal statutes and the United States Constitution, pursuant to 42 U.S.C. § 1983; and to redress discrimination against Plaintiffs based upon disability, pursuant to 29 U.S.C. § 794, commonly known as Section 504 of the Rehabilitation Act (Section 504).

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine the Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b) in that all defendants reside, maintain offices, or enforce implementation of laws relevant to this litigation in this judicial district of California and all the events which are the subject of this complaint occurred within this District.

**DEMAND FOR JURY TRIAL**

4. Plaintiffs hereby demand a jury trial pursuant to Federal Rule of Civil Procedure, Rule 38(b).

**PARTIES**

5. Plaintiff MICHAEL PEDRAZA (Student) is a minor, born on October 25, 1999, identified as an individual with disability within the meaning of 20U.S.C. § 1401(3) and is an individual with exceptional needs within the meaning of California Education Code § 56026. He is entitled to receive and has received special education and related services as a resident of Alameda County in the city of Alameda, California and at all times resided in the Alameda Unified School District service area. The Student is a person who has a physical or mental impairment that substantially limits one or more major life activities within the meaning of 34 Code of Federal Regulations § 104.3(i) and therefore, is a student entitled to be free from discrimination based upon his disability pursuant to Section 504.

6. Plaintiff, LINDA PEDRAZA (Mother) is the parent and guardian ad litem of the Student, and at all times was and continues to reside in Alameda County, City of Alameda, California.

7. Plaintiff, FRANCISCO PEDRAZA (Father) is the parent and guardian ad litem of the Student, and at all times was and continues to reside in Alameda County, City of Alameda, California.

8. Defendant ALAMEDA COUNTY BOARD OF EDUCATION (AUSD Board) is and was, at all relevant times, the duly constituted and acting governing board of the Alameda Unified School District and is responsible for education, in compliance with federal and state law, of students attending school, receiving and/or entitled to receive a public education within the AUSD service area.

9. Defendant, ALAMEDA UNIFIED SCHOOL DISTRICT (AUSD), is a public school district and local educational agency duly organized and existing under California law and is located within Alameda County. At all relevant times, the AUSD was responsible for providing

the Student, specifically, and school children within its services area generally, with full and equal access to public education and activities it offers in compliance with federal and state law and for providing the Student with a free and appropriate public education (FAPE) in conformity with the IDEA and corresponding California Education Code requirements. The AUSD receives federal funding and financial assistance, including, but not limited to, funding under the IDEA.

10. The AUSD Board and the AUSD collectively are referred to herein as the "Local Defendants."

11. Defendant ALAN NISHINO is and was, at relevant times mentioned, Superintendent of the AUSD. He was appointed by the AUSD Board to implement policies established by the AUSD Board and/or mandated by federal and state law. He is responsible for ensuring that the AUSE complies with all administrative orders issued by the California Department of Education in connection with a request for an administrative hearing pursuant to the IDEA and corresponding California law. AUSD's superintendent is responsible for supervising Defendants David Wax and Theresa Anderberg, who were directors of special education for AUSD consecutively. He is named as a defendant in his individual and official capacity and, based upon information and belief, is a resident of Alameda County, California.

12. Defendant ARDELLA DAILEY is and was, at relevant times mentioned, Superintendent of the AUSD. She was appointed by the AUSD Board to implement policies established by the AUSD Board and/or mandated by federal and state law. She is responsible for ensuring that the AUSD complies with all administrative orders issued by the California Department of Education in connection with a request for and administrative hearing pursuant to the IDEA and corresponding California law. She is named as a defendant in her individual and official capacity and, based upon information and belief, is a resident of Alameda County, California.

13. Defendant DAVID WAX (Former Director), was Director of Special Education for the AUSD at all times relevant to claims against him up to and including January 2005. As Director of Special Education for AUSD, his duties and authority included assuring that all students within the AUSD who were eligible for special education and related services pursuant to the IDEA, including the Student, were provided with a FAPE. As Director of Special Education, he also was responsible for ensuring that AUSD complied with all administrative orders issued by the California Department of Education regarding AUSD in connection with a request for an administrative hearing pursuant to the IDEA and corresponding California law. He is named herein as a defendant in his individual and official capacity and, based upon information and belief, is a resident of Alameda County, California.

14. Defendant ROLASIND DAVENPORT (SPED Director), is and was, Director of Special Education for AUSD at all times relevant to claims against her, commencing in or about January 2005. As Director of Special Education for AUSD, her duties and authority included assuring that all students within the AUSD who were eligible for special education and related services pursuant to the IDEA, including the Student, are provided with a FAPE, SPED Director Davenport also is and was responsible for ensuring that AUSD complied with all administrative orders issued by the California Department of Education regarding AUSD. She is named herein as a defendant in her individual and official capacity and, based upon information and belief, is a resident of Alameda County, California.

15. Defendant THERESA ANDERBERG (Former SPED Director), is and was, Director of Special Education for AUSD at all times relevant to claims against her, commencing in or about January 2005. As Director of Special Education for AUSD, her duties and authority included assuring that all students within the AUSD who were eligible for special education and related services pursuant to the IDEA, including the Student, are provided with a FAPE, SPED Director Anderberg also is and was responsible for ensuring that AUSD complied with all

administrative orders issued by the California Department of Education regarding AUSD. She is named herein as a defendant in her individual and official capacity and, based upon information and belief, is a resident of Alameda County, California.

16. Superintendent ALAN NISHINO, Superintendent ARDELLA DAILEY, Former Director DAVID WAX, Special Education Director ROSLAIND DAVENPORT and Former Special Education Director THERESA ANDERBERG are referred to herein collectively as "the Individual Defendants."

17. Defendant, CALIFORNIA DEPARTMENT OF EDUCATION (CDE), is the State governmental entity mandated and established to oversee the operation of public schools and delivery of public education entitlements in the State of California. CDE is responsible for ensuring that all children in California receive public education services pursuant to federal and state law, and to ensure that all children with disabilities and exceptional needs in California receive a FAPE pursuant to the IDEA and California law, and to ensure that local educational agencies, including AUSD, comply with the provisions of the California Education Code and the IDEA.

18. Defendant JACK O'CONNELL (Superintendent O'Connell) is State Superintendent of Public Instruction for California. Superintendent O'Connell's duties include overseeing the operations of California public schools, executing State policies implementing federal and state law regarding the provision of public education to all children with disabilities and exceptional needs in California; monitoring compliance of public schools and local educational agencies with federal and State law and ensuring that violations of federal and/or State law by state and/or local educational agencies are promptly investigated and corrected. In California the State Superintendent of Public Instruction exclusively is authorized to bring an action to enforce an order issued pursuant to California's Complaint Resolution Procedures

(CPR). Superintendent O'Connell is named as a defendant herein in his official capacity. CDE and Superintendent O'Connell are referred to collectively herein as "State Defendants."

19. Plaintiffs are informed and believe and therefore allege that each of the defendants named herein is responsible for the pattern and practice of events alleged, or is a necessary party for obtaining appropriate relief. In performing each of the acts alleged, and in their failure to fulfill their legal responsibilities set forth herein, each defendant acted jointly or individually for each other and for all other defendants. The injuries suffered by plaintiffs, and each of the, occurred because of the actions and omissions of the named defendants.

## FACTUAL ALLEGATIONS

20. The Student is eligible for special education and related services due to autism. On or about June 4, 2004, the Student's Parents participated in the individual educational plan (IEP) team meeting with staff members of the AUSD. At this time, the District offered services to the Student for the 2004-2005, 2005-2006 and 2006-2007 school year in an IEP and the Parents agreed and signed IEP. Shortly thereafter, this IEP was amended pursuant to a January 25, 2005 addendum. The IEP and January 2005 addendum outlined certain behavioral services, behavioral program supervision, occupational therapy services, speech and language services to be provided at the expense of the District including but not limited to: a full time one-to-one adult aide; speech and language services for 60 minutes three times a week; individual occupational therapy for 60 minutes two times per week; 540 minutes a week of behavioral services at home; 60 minutes a week of behavioral supervision at home or school.

21. According to the IEP, the District promised to assess the Student in a timely appropriate and accurate manner. Despite several assessments, the District failed to, among other things: propose goals and objectives; provide recommendations for frequency and duration of services; failed accurately reflect Student's cognitive or intellectual functioning.

22. On or about January 5, 2006, Parents and AUSD met to discuss the aforementioned issues and concerns regarding the assessments. At the conclusion of this meeting, AUSD agreed to pay for an Independent Educational Assessment ("IEE") and reimburse Parents for any costs or expenses associated therewith.

23. On or about January 19, 2006, Parents provided AUSD with the identification and curriculum vitae of an individual qualified, designated and selected by Parents to conduct the IEE named Lowy Apple. When AUSD did not respond, Parents then wrote to notify AUSD that it would obtain an IEE at AUSD's expense. Parents also requested a meeting with AUSD to discuss the content of the letter and the steps necessary to complete the IEE.

24. On June 7, 2004, the District offered services to the Student for the 2004-2005, 2005-2006 and 2006-2007 school year in an IEP and the Parents agreed and signed IEP. These services also consisted of providing Applied Behavior Analysis ("ABA") services. Despite AUSD's promise, it failed to ensure the delivery of such services in that: AUSD knew that ABA services provided by selected agencies, could not be provided in a timely manner; selected failed to provide services despite the Parents initiation of the process by submitting an initial application; lack of qualified personnel by agencies to provide appropriate and necessary treatment.

25. From 2004 through 2006, the IEP team and the Parents met on numerous occassions to discuss AUSD's provision of occupational therapy services. Shortly thereafter and based on assessment, it was determined that Student needed services in a clinic setting and in a separate motor room that AUSD did not have. Despite being notified of the Student's needs, AUSD did not provide such services and has not provided occupational therapy services since 2005.

26. Additionally, AUSD has significantly impeded engaged in acts and omissions that have significantly impeding Parents' right to participate in the decision making process relating

to the Student's education: failing to hold an IEP on a triennial basis; failing to provide assessment reports to Parents before IEP meetings; failing to provide timely notice of termination of services; failing to make an offer of placement to Student in 2006; failing to have a representative of proposed behavioral services present at IEP meetings; precluding Parents from observing placements;

27. In or about June 2006, the Students' mother and father (Parents) initiated due process proceedings on behalf of themselves and the Student pursuant to 20 U.S.C. § 1415 and California Education Code §§ 56500 et seq. The Parents filed a complaint pursuant to 20 U.S.C. § 1415, with the Office of Administrative Hearings-Special Education Division (OAH-SED) (the current CDE designee to provide administrative review mandated under the IDEA, effective July 1, 2005), alleging that the AUSD denied the Student a FAPE during the 2003-2004, 2004-2005, 2005-2006 and 2006-2007 school year by failing to provide the Student with the services set forth in the IEP.

28. The Student and his Parents are aggrieved parties, pursuant to 42 U.S.C. § 1415 of the IDEA, regarding a decision and order issued by a hearing officer for the OAH-SED. (Exhibit A hereto). The hearing officer erred as a matter of law when the dismissed the Student's IDEA claims that the AUSD denied the Student a FAPE for the 2003-2004, 2004-2005, 2005-2006, 2006-2007 failing to provide the services and consideration promised.

29. The Student and his Parents further are aggrieved by the hearing officer's order to the extent the decision denies them the right to prove that the AUSD denied the Student a FAPE and to the extent the Student and his Parents would be unable to recover attorney fees as a prevailing party for the AUSD's denial of a FAPE to the Student.

30. The AUSD has knowingly and deliberately manipulated the administrative review process to deny the Student a FAPE as appropriate and necessary

31. The AUSD Board and Superintendents Nashino and Dailey have failed to adopt policies, procedures and practices, or take necessary measures to ensure that AUSD provides the Student with the services.

32. The SPED Directors and Former Director Wax have failed to take appropriate measures to comply with the CDE order and fulfill AUSD's obligations under the IEP.

33. Based upon information and belief, the defendants and each of them have ignored their obligations to the Student under IDEA because the Student has a disability and his Parents have actively advocated for the Student's rights by seeking redress through the process required under the IDEA.

34. Superintendents Nashino and Dailey failed to adequately supervise SPED Directors and Former Director Wax and failed to ensure that either took appropriate measures to provide the Student with the services as outlined in the IEP.

35. The State Defendant failed to monitor the AUSD failure and continuing failure to provide the Student with the services described in the IEP. The State Defendant has failed to bring any action to enforce the requirements of the IDEA or ensure the AUSD's compliance with the IEP.

36. The State Defendant has failed to adopt procedures and practices or take necessary measures to ensure that AUSD fulfills obligations under the IDEA to resolve claims of denials of a FAPE. The State Defendant has enabled the AUSD to commit ongoing violations of the due process rights prescribed under the IDEA, including the Student's rights, by denying mandated relief for prospective denials of a FAPE caused by AUSD.

37. The Student and his Parents have exhausted their administrative remedies by attempting to obtain enforcement of and compliance with the IEP. Further attempts to redress the denials of a FAPE to the Student for the 2003-2004, 2004-2005, 2005-2006 and 2006-2007 school years is excused because to do so would be futile given the Parents failed efforts and will

accomplish nothing other than further delay the Student and his Parents from obtaining the relief for the AUSD's denial of a FAPE to the Student.

**FIRST CLAIM FOR RELIEF**
**(Violation of Individuals with Disabilities Education Act, 20 U.S. Code §§1400 *et seq.* – Against All Defendants)**

38. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

39. The purpose of the IDEA is to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designated to meet their unique needs and to ensure that the rights of children with disabilities and parents of such children are protected.

40. The Defendant's acts and missions are alleged herein violated the intent and purpose of the IDEA. The acts of the Individual Defendants, and each of them, as alleged herein, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages. Plaintiffs were damaged as a result of said acts and omissions.

41. Plaintiffs seek all available remedies afforded to them for violations of the IDEA, including, but not limited to, compensatory education, reimbursement, injunctive relief and attorney fees and costs.

42. The IDEA includes an express, unequivocal abrogation of immunity under the Eleventh Amendment pursuant to 20 U.S.C. § 1403 which was enacted pursuant Congress' powers under § 5 of the Fourteenth Amendment of the United States Constitution.

43. Plaintiffs exhausted their administrative remedies as alleged herein by: continuing meet and confer efforts with AUSD and its representatives; continuing to attempt to resolve the AUSD's denial of services, compensatory services and reimbursement had not been resolved; filing a complaint, pursuant to 20 U.S.C. § 1415, with the Office of Administrative Hearings-Special Education Division; and exhausting said complaint when the OAH-SED decided the

case; Further administrative attempts to redress Defendants' IDEA violations is excused because to do so would be futile and/or offers inadequate relief. Alternatively, further administrative attempts to redress Defendants' IDEA violations is excused because the Defendants have adopted a policy and/or pursued a practice of general applicability that is contrary to the law.

44. The acts and omissions giving rise to the Plaintiff's injuries as alleged herein could have been redressed by the IDEA's administrative procedures and remedies had Defendants, and each of them, complied with the CDE's findings as alleged herein.

45. Plaintiffs' efforts, as alleged herein, gave Defendants, and each of them, full exploration of technical educational issues, and provided Defendants the first opportunity to correct shortcomings in their educational programs for the Student in order to ascertain and alleviate the problems alleged herein to no avail.

WHEREFORE, Plaintiffs pray for relief as hereinafter provided.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. Section 1983 - Violation of Individuals with Disabilities Education Act, 20 U.S. Code §§1400 *et seq.*)**

**[Count One – Prospective Injunctive Relief Against Defendant Superintendent O'Connell and Individual Defendants in Their Official Capacities]**

46. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

47. The IDEA gives disabled students a substantive right to public education and conditions federal assistance upon a State's compliance with the substantive and procedural goals of the Act. 42 U.S.C. § 1983 is a generally and presumptively available remedy for claimed violations of federal law.

48. Congress added § 1415(f) to the Education of the Handicapped Act ("EHA") (IDEA's predecessor) as part of the Handicapped Children's Protection Act of 1986. In adding Section 1415(f) to IDEA in 1986, Congress specifically authorized legal actions predicated on the IDEA. As amended, 20 U.S.C.A. § 1415 provides that:

"(f) Effect on other laws

Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973 [ ], or other Federal statutes protecting the rights of children and youth with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (b)(2) and (c) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

49. The Individual Defendants and Defendant Superintendent O'Connell acted under color of state authority while engaging in the acts and omissions which Plaintiffs contend violate the provisions of the IDEA as alleged herein.

50. The Individual Defendants' and Defendant Superintendent O'Connell's acts and omissions as alleged herein violated the intent and purpose of the IDEA. Alternatively, Defendants' acts and omissions as alleged herein violated the Student's constitutional substantive right to public education and/or his property interest found in California's Education Code §§ 56500 et seq.

51. Plaintiffs were harmed and continue to be harmed as a result of said acts and omissions. As a direct and proximate result of the acts and omissions alleged in this Complaint, the Student and his Parents will continue to be damaged and suffer irreparable harm unless the Defendants are enjoined. Plaintiffs seek all available prospective injunctive relief afforded to them for violations of the IDEA.

WHEREFORE, Plaintiffs pray for relief as hereinafter provided.

**[Count Two – Retrospective and Monetary Relief Against Individual Defendants in Their Individual Capacities]**

52. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

53. The Individual Defendants acted under color of state authority while engaging in the acts and omissions which Plaintiffs contend violate the provisions of the IDEA as alleged herein.

54. The Individual Defendants' acts and omissions as alleged herein violated the intent and purpose of the IDEA. The acts of the Individual Defendants, and each of them, as alleged herein, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

55. Plaintiffs were damaged and continue to be damaged as a result of said acts and omissions. Plaintiffs seek all available retrospective and monetary relief afforded to them for violations of the IDEA.

WHEREFORE, Plaintiffs pray for relief as hereinafter provided.

**THIRD CLAIM FOR RELIEF**

**(Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. Code §794 – Against All Defendants)**

56. Plaintiffs reallege and incorporate by reference, as though fully set forth herein all preceding paragraphs of this Complaint.

57. The Student is disabled as defined by Section 504 of the Rehabilitation Act of 1973. The Student is "otherwise qualified" to participate in school activities in the District. The District Receives federal financial assistance.

58. The Defendants' acts and omissions as alleged herein violated Section 504 of the Rehabilitation Act of 1973 by preventing the Student from participating fully in the educational opportunities available in the District and/or was subject to discrimination as a consequence of his disability and/or in retaliation for his Parents' protected conduct in opposing said discrimination and petitioning for the Student's rights.

59. The Defendants, and each of them, intentionally discriminated against Plaintiffs and/or were deliberately indifferent to Plaintiff's federally protected rights. The acts of the

Individual Defendants, and each of them, as alleged herein, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

60. Plaintiffs were damaged as a result of said acts and omissions. Plaintiffs seek all available remedies afforded to them for violations of Section 504 of the Rehabilitation Act of 1973.

61. Section 504 of the Rehabilitation Acct of 1973 includes an express, unequivocal abrogation of the immunity under the Eleventh Amendment pursuant to 42 U.S.C. § 2000d-7(a)(1) which was enacted pursuant to Congress' powers under § 5 of the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter provided.

**FOURTH CLAIM FOR RELIEF**

**(42 U.S.C. Section 1983 – Section 504 of the Rehabilitation Act of 1973, 29 U.S. Code §794)**

**[Count One – Prospective Injunctive Relief Against Defendant Superintendent O'Connell and individual Defendants in their Official Capacities]**

62. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

63. Section 504 of the Rehabilitation Act of 1973 prohibits the denial of the benefit of any services, programs, or activities provided by the District on the basis of disability. 42 U.S.C. § 1983 is a generally and presumptively available remedy for claimed violations of federal law.

64. The Student is disabled as defined by Section 504 of the Rehabilitation Act of 1973. The Student is "otherwise qualified" to participate in school activities in the District.

65. The Defendants' acts and omissions as alleged herein violated Section 504 of the Rehabilitation Act of 1973 by preventing the Student from participating fully in the educational opportunities available in the District and/or was subject to discrimination as a consequence of his disability and/or in retaliation for his Parents' protected conduct in opposing said discrimination and petitioning for the Student's right. The Defendants, and each of them,

intentionally discriminated against Plaintiffs and/or were deliberately indifferent to Plaintiffs' federally protected rights. Plaintiffs were damaged as a result of said acts and omissions. Plaintiffs seek all available remedies afforded to them for violations of Section 504 of the Rehabilitation Act of 1973.

66. The Individual Defendants acted under color of state authority while engaging in the acts and omissions which Plaintiffs contend violate the provisions of Section 504 of the Rehabilitation Act of 1973 as alleged herein.

67. The Individual Defendants' acts and omissions as alleged herein violated the intent and purpose of Section 504 of the Rehabilitation Act of 1973. Alternatively, Defendants' acts and omissions as alleged herein violated the Student's constitutional substantive right to public education and/or his property interest in a public education. The denial of the opportunity to participate fully in the education al opportunities available in the District and/or the discrimination he was subjected to as a consequence of his disability affects the Student's ability to complete his education as well as success in getting into college. Alternatively, the denial of the opportunity to participate fully in the educational opportunities available in the District in retaliation for his Parents' protected conduct in opposing said discrimination and petitioning for the Student's rights violated Plaintiffs' constitutional rights.

68. Plaintiffs were harmed and continue to be harmed as a result of said acts and omissions. Plaintiffs seek all available prospective injunctive relief afforded to them for violations of Section 504 of the Rehabilitation Act of 1973. As a direct and proximate result of the acts and omissions alleged in this Complaint, the Student and his Parents will continue to be damaged and suffer irreparable harm unless the Defendants are enjoined.

WHEREFORE, Plaintiffs pray for relief as hereinafter provided.

**[Count Two – Retrospective and Monetary Relief Against Individual Defendants in Their Individual Capacities]**

69. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

70. The Individual Defendants acted under color of state authority while engaging in the acts and omissions which Plaintiffs contend violate the provisions of Section 504 of the Rehabilitation Act of 1973 as alleged herein.

71. The Individual Defendants' acts and omissions as alleged herein violated the intent and purpose off Section 504 of the Rehabilitation Act of 1973. The acts of the Individual Defendants, and each of them, as alleged herein,, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages. Plaintiffs seek all available retrospective and monetary relief afforded to them for violations of Section 504 of the Rehabilitation Act of 1973.

WHEREFORE, Plaintiffs pray for relief as hereinafter provided.

## FIFTH CLAIM FOR RELIEF

**(42 U.S.C. Section 1983 – Violation of the Due Process Clause of the Fourteenth Amendment Against Individual Defendants in Their Individual Capacities)**

72. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

73. The Fourteenth Amendment forbids the State from depriving any person of life, liberty, or property without due process of law. The State of California created a property interest in public education for disabled students with exceptional needs to receive certain benefits as set forth in California's Education Code §§ 56500 et seq.

74. Having chosen to extend the right to an education to people of the Student's class, the State is constrained to recognize a student's legitimate entitlement to the benefits bestowed pursuant to California Education Code §§ 56500 et seq., as a property interest which is protected

by the Due Process Clause and which may not be deprived without adherence to the minimum procedures required by that Clause. The deprivations to the Student's of the benefits as alleged herein are not de minimis and constitute a serious event in the life of the Student and effects the Student's ability to complete his education as well as success in getting into college.

75. The Student was deprived of this property interests as alleged herein without being afforded notice and opportunity for hearing appropriate to the nature of the case, particularly in the decision by the OAH-SED to make a decision against the Plaintiffs concerning the 2003-2007. The Plaintiffs were deprived of the fundamental requisites of due process of law by being denied of the opportunity to be heard and to contest the deprivation of the Student's property interest as alleged herein. The acts of the Individual Defendants, and each of them, as alleged herein, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter provided.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court:

1. For special and economic damages according to proof;

2. For general and non-economic damages according to proof;

3. For punitive damages against the Individual Defendants in their individual capacities for those claims in which they are available where the conduct is willful, wanton, malicious, and oppressive, according to proof;

4. For prejudgment interest at the prevailing legal rate;

5. For injunctive relief as described herein, to wit:

   (a) That the Plaintiffs be made whole and afforded all benefits attendant thereto that would have been afforded Plaintiffs but for the wrongful conduct alleged herein;

   (b) That Defendants, their agents, successors, employees, and those acting in concert with them be enjoined permanently from engaging in each of the unlawful practices, policies, usages, and customs set forth herein.

6. For costs of suit including reasonable attorneys' fees; and

7. For such other and further relief as the Court may deem proper.

Dated: September 17, 2007

Respectfully submitted,
TAYLOR, GOINS & STALLWORTH LLP

By: ______________________
VERNON C. GOINS II
Attorneys for Plaintiffs
LINDA PEDRAZA and FRANCISCO PEDRAZA, individually and as guardians ad litem on behalf of their son MICHAEL PEDRAZA

# EXHIBIT B

ADRMOP, CLOSED, E-Filing, RELATE

**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:07-cv-04781-VRW**
**Internal Use Only**

Pedraza v. Alameda Unified School District et al
Assigned to: Hon. Vaughn R. Walker
Lead case: 3:05-cv-04977-VRW
Member cases:
3:07-cv-04781-VRW
3:07-cv-05989-VRW
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 09/17/2007
Date Terminated: 12/18/2007
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Linda Pedraza**

represented by **Vernon C. Goins, II**
Taylor & Goins LLP
1330 Broadway
Suite 1701
Oakland, CA 94612
510-893-9465
Fax: 510-893-4228
Email: vgoins@thebusinesslawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Alameda Unified School District**

represented by **Gregory Alan Wedner**
Lozano Smith
2000 Crow Canyon Place, Suite 200
San Rafael, CA 94583-1344
925-302-2000
Fax: 925-302-2010
Email: gwedner@lozanosmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sloan Robert Simmons**
Lozano Smith
2000 Crow Canyon Place
Suite 200

San Ramon, CA 94583
925-302-2000
Fax: 925-302-2010
Email: ssimmons@lozanosmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**California Department of Education**

**Defendant**

**Alameda County Board of Education** represented by **Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sloan Robert Simmons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alan Nishino** represented by **Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sloan Robert Simmons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ardella Dailey** represented by **Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sloan Robert Simmons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Wax** represented by **Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sloan Robert Simmons**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Theresa Anderberg** represented by **Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sloan Robert Simmons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jack O'Connell**

**Defendant**

**Rosalind Davenport** represented by **Claudia Leed**
Stubbs & Leone
2175 N. California Blvd.
Suite 900
Walnut Creek, CA 94596
(925) 974-8600
Fax: (925) 974-8601
Email: leedc@stubbsleone.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
Stubbs & Leone
2175 N. California Blvd., Suite 900
Walnut Creek, CA 94596
925-974-8600
Fax: 925-974-8601
Email: albertsk@stubbsleone.com
*ATTORNEY TO BE NOTICED*

**Louis A. Leone**
Stubbs & Leone
2175 N. California Boulevard
Suite 900
Walnut Creek, CA 94596
925-974-8600

Fax: 925-974-8601
Email: lleone@stubbsleone.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/17/2007 | 1 | COMPLAINT /no process against Theresa Anderberg, Jack O'Connell, Alameda Unified School District, California Department of Education, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax ( Filing fee $ 350, receipt number 44611001232.). Filed byLinda Pedraza. (ga, COURT STAFF) (Filed on 9/17/2007) Additional attachment(s) added on 11/1/2007 (ga, COURT STAFF). (Entered: 09/26/2007) |
| 09/17/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 12/20/2007. Case Management Conference set for 12/27/2007 10:00 AM.. Signed by Judge Maria-Elena James on 9/17/07. (Attachments: # 1 Judge Standing Order# 2 Court Standing Order# 3 Consent/Decline Form)(ga, COURT STAFF) (Filed on 9/17/2007) (Entered: 09/26/2007) |
| 09/17/2007 | | CASE DESIGNATED for Electronic Filing. (ga, COURT STAFF) (Filed on 9/17/2007) (Entered: 09/26/2007) |
| 11/28/2007 | 3 | NOTICE of Lis Pendens by Gregory Alan Wedner *PENDENCY OF OTHER ACTIONS* (Wedner, Gregory) (Filed on 11/28/2007) (Entered: 11/28/2007) |
| 11/28/2007 | 4 | NOTICE by Alameda Unified School District *CORRECTION OF DOCKET # 3* . (Wedner, Gregory) (Filed on 11/28/2007) (Entered: 11/28/2007) |
| 12/05/2007 | 5 | MOTION to Dismiss *CERTAIN CLAIMS AND DEFENDANTS IN THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT* filed by Theresa Anderberg, Alameda Unified School District, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax. Motion Hearing set for 1/10/2008 10:00 AM in Courtroom B, 15th Floor, San Francisco. (Wedner, Gregory) (Filed on 12/5/2007) (Entered: 12/05/2007) |
| 12/05/2007 | 6 | Proposed Order re 5 MOTION to Dismiss *CERTAIN CLAIMS AND DEFENDANTS IN THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT* by Theresa Anderberg, Alameda Unified School District, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax. (Wedner, Gregory) (Filed on 12/5/2007) (Entered: 12/05/2007) |
| 12/05/2007 | 7 | CONSENT to Proceed Before a US Magistrate Judge by Theresa Anderberg, Alameda Unified School District, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax.. (Wedner, Gregory) (Filed on 12/5/2007) (Entered: 12/05/2007) |
| 12/05/2007 | | (Court only) ***Attorney Sloan Robert Simmons for Theresa Anderberg, |

| | | |
|---|---|---|
| | | Alameda Unified School District, Alameda County Board of Education, Alan Nishino, Ardella Dailey and David Wax added. (ga, COURT STAFF) (Filed on 12/5/2007) (Entered: 12/10/2007) |
| 12/06/2007 | 8 | ERRATA re 5 MOTION to Dismiss *CERTAIN CLAIMS AND DEFENDANTS IN THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT* by Theresa Anderberg, Alameda Unified School District, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax. (Wedner, Gregory) (Filed on 12/6/2007) (Entered: 12/06/2007) |
| 12/07/2007 | 9 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Wedner, Gregory) (Filed on 12/7/2007) (Entered: 12/07/2007) |
| 12/14/2007 | | Case Reassigned to Judge Hon. Vaughn R. Walker. Judge Magistrate Judge Maria-Elena James no longer assigned to the case. Signed by Executive Committee on 12/14/07. (mab, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/14/2007) |
| 12/14/2007 | 10 | ORDER RELATING CASE. C05-4977, C07-4781 and C07-5989 are related. Counsel are instructed that all future filings in the reassigned cases are to bear the initials VRW immediately after the case number. Signed by Chief Judge Vaughn R Walker on 12/13/2007. (cgk, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/14/2007) |
| 12/14/2007 | | Cases associated: Create association to 3:05-cv-04977-VRW. (cgk, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/14/2007) |
| 12/17/2007 | 11 | MOTION to Withdraw as Attorney filed by Linda Pedraza. Motion Hearing set for 1/24/2008 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Goins, Vernon) (Filed on 12/17/2007) (Entered: 12/17/2007) |
| 12/17/2007 | 12 | **INCOMPLETE DOCKET ENTRY - See #15** Brief re 11 MOTION to Withdraw as Attorney filed byLinda Pedraza. (Related document(s) 11 ) (Goins, Vernon) (Filed on 12/17/2007) Modified on 12/19/2007 (gsa, COURT STAFF). (Entered: 12/17/2007) |
| 12/17/2007 | 13 | Declaration of Vernon C. Goins in Support of 11 MOTION to Withdraw as Attorney filed byLinda Pedraza. (Attachments: # 1 Exhibit A)(Related document(s) 11 ) (Goins, Vernon) (Filed on 12/17/2007) (Entered: 12/17/2007) |
| 12/17/2007 | 14 | Proposed Order re 11 MOTION to Withdraw as Attorney by Linda Pedraza. (Goins, Vernon) (Filed on 12/17/2007) (Entered: 12/17/2007) |
| 12/17/2007 | 15 | **ERRONEOUS DOCKET ENTRY** AMENDED DOCUMENT by Linda Pedraza. Amendment to 12 Brief *in Support of Motion to Withdraw*. (Goins, Vernon) (Filed on 12/17/2007) Modified on 12/19/2007 (gsa, COURT STAFF). Modified on 12/19/2007 (gsa, COURT STAFF). (Entered: 12/17/2007) |
| 12/17/2007 | 16 | AMENDED DOCUMENT by Linda Pedraza. Amendment to 12 Memorandum in Support of 11 Mtn to Withdraw (Case No. Incorrect). (Goins, Vernon) (Filed on 12/17/2007) Modified on 12/19/2007 (gsa, |

| | | |
|---|---|---|
| | | COURT STAFF). (Entered: 12/17/2007) |
| 12/18/2007 | 17 | ORDER consolidating cases. The parties shall file all further pleadings and motions in case no. C05-4977, and the clerk is ordered to close case nos. C07-5989 and C07-4781 and terminate any pending motions in those cases. Signed by Chief Judge Vaughn R Walker on 12/18/2007. (cgk, COURT STAFF) (Filed on 12/18/2007) (Entered: 12/18/2007) |
| 12/18/2007 | | (Court only) ***Civil Case Terminated., ***Deadlines terminated., ***Motions terminated: (cgk, COURT STAFF) (Filed on 12/18/2007) (Entered: 12/18/2007) |
| 12/18/2007 | | Cases associated: Create association to 3:05-cv-04977-VRW. (cgk, COURT STAFF) (Filed on 12/18/2007) (Entered: 12/26/2007) |
| 12/20/2007 | | (Court only) ***Party Rosalind Davenport rep by Claudia Leed, Gregory Alan Wedner, Katherine A. Alberts, Louis A. Leone added. (gsa, COURT STAFF) (Filed on 12/20/2007) (Entered: 01/04/2008) |
| 01/03/2008 | 18 | REQUEST for Reassignment to a United States District Judge by Linda Pedraza. (gsa, COURT STAFF) (Filed on 1/3/2008) (Entered: 01/04/2008) |

ADRMOP, CLOSED, E-Filing, ProSe, RELATE

**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:07-cv-05989-VRW**
**Internal Use Only**

Pedraza v. Office of Administrative Hearings et al
Assigned to: Hon. Vaughn R. Walker
Lead case: 3:05-cv-04977-VRW
Member cases:
3:07-cv-04781-VRW
3:07-cv-05989-VRW
Case in other court: Alameda County Superior Court, RG 07356345
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 11/27/2007
Date Terminated: 12/18/2007
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Linda Pedraza**
*on behalf of M.P., a minor*

represented by **Linda Pedraza**
22 Souza Court
Alameda, CA 94502
510-522-9232
Fax: 510-749-7072
PRO SE

V.

**Defendant**

**Office of Administrative Hearings**

represented by **Sherianne Laba**
California Office of Adminstrative Hearings
Special Education Division
2349 Gateway Oaks Drive
Suite 200
Sacramento, CA 95833-4231
(916) 263-0880
Fax: (916) 376-6319
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alameda Unified School District**

represented by **Gregory Alan Wedner**
Lozano Smith
2000 Crow Canyon Place, Suite 200
San Rafael, CA 94583-1344

925-302-2000
Fax: 925-302-2010
Email: gwedner@lozanosmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sloan Robert Simmons**
Lozano Smith
2000 Crow Canyon Place
Suite 200
San Ramon, CA 94583
925-302-2000
Fax: 925-302-2010
Email: ssimmons@lozanosmith.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2007 | 1 | NOTICE OF REMOVAL (no process) from Alameda County Superior Court. Their case number is RG 07356345. (Filing fee $350; receipt number 44611001545). Filed by Alameda Unified School District. (slh, COURT STAFF) (Filed on 11/27/2007) (sv, COURT STAFF). (Entered: 11/28/2007) |
| 11/27/2007 | 2 | Joinder re 1 Notice of Removal by Office of Administrative Hearings. (slh, COURT STAFF) (Filed on 11/27/2007) (sv, COURT STAFF). (Entered: 11/28/2007) |
| 11/27/2007 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by 2/20/2008. Case Management Conference set for 2/27/2007 01:30 PM. (Attachments: # 1 EMC Standing Order; # 2 Case Management Standing Order)(slh, COURT STAFF) (Filed on 11/27/2007) (Entered: 11/28/2007) |
| 11/27/2007 | | CASE DESIGNATED for Electronic Filing. (slh, COURT STAFF) (Filed on 11/27/2007) (Entered: 11/28/2007) |
| 11/29/2007 | 4 | *DEFENDANT ALAMEDA UNIFIED SCHOOL DISTRICT'S* ANSWER to Complaint byAlameda Unified School District. (Wedner, Gregory) (Filed on 11/29/2007) (Entered: 11/29/2007) |
| 11/29/2007 | 5 | CERTIFICATE OF SERVICE by Alameda Unified School District *Re: Service of Notice to Adverse Party of Removal to Federal Court and Joinder in Notice of Removal of Action* (Wedner, Gregory) (Filed on 11/29/2007) (Entered: 11/29/2007) |
| 11/29/2007 | 6 | NOTICE by Alameda Unified School District *OF PENDENCY OF OTHER ACTIONS* (Wedner, Gregory) (Filed on 11/29/2007) (Entered: 11/29/2007) |
| 12/10/2007 | 9 | Rebut to Defendant's Answer filed by Linda Pedraza. (slh, COURT STAFF) (Filed on 12/10/2007) (Entered: 12/18/2007) |

| | | |
|---|---|---|
| 12/10/2007 | 10 | Opposition to 1 Notice of Removal filed by Linda Pedraza. (slh, COURT STAFF) (Filed on 12/10/2007) (Entered: 12/18/2007) |
| 12/14/2007 | | Case Reassigned to Judge Hon. Vaughn R. Walker. Judge Magistrate Judge Edward M. Chen no longer assigned to the case. Signed by Executive Committee on 12/14/07. (mab, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/14/2007) |
| 12/14/2007 | 7 | ORDER RELATING CASE. C05-4977, C07-4781 and C07-5989 are related. Counsel are instructed that all future filings in the reassigned cases are to bear the initials VRW immediately after the case number. Signed by Chief Judge Vaughn R Walker on 12/13/2007. (cgk, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/14/2007) |
| 12/14/2007 | | Cases associated: Create association to 3:05-cv-04977-VRW. (cgk, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/14/2007) |
| 12/18/2007 | 8 | ORDER consolidating cases. The parties shall file all further pleadings and motions in case no. C05-4977, and the clerk is ordered to close case nos. C07-5989 and C07-4781 and terminate any pending motions in those cases. Signed by Chief Judge Vaughn R Walker on 12/18/2007. (cgk, COURT STAFF) (Filed on 12/18/2007) (Entered: 12/18/2007) |
| 12/18/2007 | | (Court only) ***Civil Case Terminated., ***Deadlines terminated., ***Motions terminated: (cgk, COURT STAFF) (Filed on 12/18/2007) (Entered: 12/18/2007) |
| 12/18/2007 | | Cases associated: Create association to 3:05-cv-04977-VRW. (cgk, COURT STAFF) (Filed on 12/18/2007) (Entered: 12/26/2007) |
| 01/09/2008 | 11 | CERTIFICATE OF SERVICE re 8 Order. (cgk, COURT STAFF) (Filed on 1/9/2008) (Entered: 01/10/2008) |

ADRMOP, CONSOL, E-Filing, MEDTERM, REFSET-MEJ, STAYED

**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:05-cv-04977-VRW**
**Internal Use Only**

Pedraza et al v. Alameda Unified School District et al
Assigned to: Hon. Vaughn R. Walker
Member cases:
3:07-cv-04781-VRW
3:07-cv-05989-VRW
Cause: 42:1983 Civil Rights Act

Date Filed: 12/01/2005
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Linda Pedraza**
*individually and on behalf of her son, Michael Pedraza*

represented by **Maxwell Nnamdi Njelita**
Taylor & Goins LLP
1330 Broadway
Suite 1701
Oakland, CA 94612
510-893-9465
Fax: 510-893-4228
Email: mnjelita@thebusinesslawyers.com
*TERMINATED: 05/29/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vernon C. Goins, II**
Taylor & Goins LLP
1330 Broadway
Suite 1701
Oakland, CA 94612
510-893-9465
Fax: 510-893-4228
Email: vgoins@thebusinesslawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Francisco Pedraza**
*individually and on behalf of his son, Michael Pedraza*

represented by **Maxwell Nnamdi Njelita**
(See above for address)
*TERMINATED: 05/29/2007*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Vernon C. Goins, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Alameda Unified School District** represented by **Claudia Leed**
Stubbs & Leone
2175 N. California Blvd.
Suite 900
Walnut Creek, CA 94596
(925) 974-8600
Fax: (925) 974-8601
Email: leedc@stubbsleone.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
Lozano Smith
2000 Crow Canyon Place, Suite 200
San Rafael, CA 94583-1344
925-302-2000
Fax: 925-302-2010
Email: gwedner@lozanosmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
Stubbs & Leone
2175 N. California Blvd., Suite 900
Walnut Creek, CA 94596
925-974-8600
Fax: 925-974-8601
Email: albertsk@stubbsleone.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis A. Leone**
Stubbs & Leone
2175 N. California Boulevard
Suite 900
Walnut Creek, CA 94596
925-974-8600
Fax: 925-974-8601
Email: lleone@stubbsleone.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**California Department of Education** represented by **Allan Keown**
California Department of Education
1430 N Street, Suite 5319
Sacramento, CA 95814
916/319-0860
Email: akeown@cde.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alameda County Board of Education** represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis A. Leone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alan Nishino**
*individually and as Superintendent of the Alameda Unified School District* represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Louis A. Leone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Ardella Dailey**<br>*as Superintendent of the Alameda Unified School District* | represented by | **Claudia Leed**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Gregory Alan Wedner**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Katherine A. Alberts**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Louis A. Leone**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **David Wax**<br>*individually and as Special Education Director of the Alameda Unified School District* | represented by | **Claudia Leed**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Gregory Alan Wedner**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Katherine A. Alberts**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Louis A. Leone**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Theresa Anderberg**<br>*as Special Education Director of the Alameda Unified School District* | represented by | **Claudia Leed**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Gregory Alan Wedner**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Katherine A. Alberts**<br>(See above for address) |

*ATTORNEY TO BE NOTICED*

**Louis A. Leone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**California Department of Education** represented by **Allan Keown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jack O'Connell**
*as State Superintendent of Public Instruction for the State of California*

**Defendant**

**Alameda Unified School District Board of Education** represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Louis A. Leone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rosalind Davenport** represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Louis A. Leone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Theresa Anderberg**
*as Special Education Director of the Alameda Unified School District*

represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis A. Leone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Alameda Unified School District Board of Education**

represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Alameda Unified School District**

represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Alan Nishino**
*individually and as Superintendent of the Alameda Unified School District*

represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Ardella Dailey**
*as Superintendent of the Alameda Unified School District*

represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**David Wax**
*individually and as Special Education Director of the Alameda Unified School District*

represented by **Claudia Leed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Alan Wedner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katherine A. Alberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter-defendant**

**Linda Pedraza**

*individually and on behalf of her son, Michael Pedraza*

**Counter-defendant**

**Francisco Pedraza**
*individually and on behalf of his son, Michael Pedraza*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2005 | 1 | COMPLAINT against Theresa Anderberg, California Department of Education, Jack O'Connell, Alameda Unified School District, California Department of Education, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax ( Filing fee $ 250, receipt number 4411891.). Filed byLinda Pedraza, Francisco Pedraza. (gsa, COURT STAFF) (Filed on 12/1/2005) (Entered: 12/06/2005) |
| 12/01/2005 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 3/28/2006. Case Management Conference set for 4/4/2006 09:00 AM. (gsa, COURT STAFF) (Filed on 12/1/2005) (Entered: 12/06/2005) |
| 01/06/2006 | 3 | MOTION to Dismiss *5th through 8th Claims for Relief and Certain Parties from 9th and 10th Claims* filed by Alameda Unified School District Board of Education, Theresa Anderberg, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. Motion Hearing set for 3/9/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Wedner, Gregory) (Filed on 1/6/2006) (Entered: 01/06/2006) |
| 01/06/2006 | 4 | MEMORANDUM in Support re 3 MOTION to Dismiss *5th through 8th Claims for Relief and Certain Parties from 9th and 10th Claims* filed byTheresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Related document(s) 3 ) (Wedner, Gregory) (Filed on 1/6/2006) (Entered: 01/06/2006) |
| 01/06/2006 | 5 | Appendix re 3 MOTION to Dismiss *5th through 8th Claims for Relief and Certain Parties from 9th and 10th Claims*, 4 Memorandum in Support, filed byTheresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Related document(s) 3 , 4 ) (Wedner, Gregory) (Filed on 1/6/2006) (Entered: 01/06/2006) |
| 01/06/2006 | 6 | Proposed Order *re Motion to Dismiss* by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Wedner, Gregory) (Filed on 1/6/2006) (Entered: 01/06/2006) |
| 01/06/2006 | 7 | AFFIDAVIT *re Proof of Service re Standing Orders of Judge Walker* by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Wedner, Gregory) (Filed on 1/6/2006) (Entered: |

| | | |
|---|---|---|
| | | 01/06/2006) |
| 01/20/2006 | | Summons Issued as to Theresa Anderberg. (cp, COURT STAFF) (Filed on 1/20/2006) (Entered: 01/20/2006) |
| 01/20/2006 | | Summons Issued as to Ardella Dailey. (cp, COURT STAFF) (Filed on 1/20/2006) (Entered: 01/20/2006) |
| 01/20/2006 | | Summons Issued as to Alan Nishino. (cp, COURT STAFF) (Filed on 1/20/2006) (Entered: 01/20/2006) |
| 01/20/2006 | | Summons Issued as to David Wax. (cp, COURT STAFF) (Filed on 1/20/2006) (Entered: 01/20/2006) |
| 01/20/2006 | | Summons Issued as to California Department of Education. (cp, COURT STAFF) (Filed on 1/20/2006) (Entered: 01/20/2006) |
| 02/21/2006 | 8 | NOTICE of Change of Address by Gregory Alan Wedner (Wedner, Gregory) (Filed on 2/21/2006) (Entered: 02/21/2006) |
| 02/22/2006 | 9 | NOTICE by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax re 3 MOTION to Dismiss *5th through 8th Claims for Relief and Certain Parties from 9th and 10th Claims*, 4 Memorandum in Support,, 5 Appendix,, 6 Proposed Order *re Plaintiffs' Failure to File Opposition to Motion to Dismiss* (Wedner, Gregory) (Filed on 2/22/2006) (Entered: 02/22/2006) |
| 02/23/2006 | 10 | FIRST AMENDED COMPLAINT against Theresa Anderberg, California Department of Education, Jack O'Connell, Alameda Unified School District Board of Education, Alameda Unified School District, California Department of Education, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax. Filed byLinda Pedraza, Francisco Pedraza. (gsa, COURT STAFF) (Filed on 2/23/2006) (Entered: 02/27/2006) |
| 02/24/2006 | 11 | Summons Returned Unexecuted by Linda Pedraza, Francisco Pedraza as to Jack O'Connell, California Department of Education. (gsa, COURT STAFF) (Filed on 2/24/2006) (Entered: 02/27/2006) |
| 02/24/2006 | 12 | Summons Returned Unexecuted by Linda Pedraza, Francisco Pedraza as to Ardella Dailey. (gsa, COURT STAFF) (Filed on 2/24/2006) Modified on 2/27/2006 (gsa, COURT STAFF). (Entered: 02/27/2006) |
| 02/24/2006 | 13 | Summons Returned Unexecuted by Linda Pedraza, Francisco Pedraza as to Alan Nishino. (gsa, COURT STAFF) (Filed on 2/24/2006) (Entered: 02/27/2006) |
| 02/24/2006 | 14 | Summons Returned Unexecuted by Linda Pedraza, Francisco Pedraza as to David Wax. (gsa, COURT STAFF) (Filed on 2/24/2006) (Entered: 02/27/2006) |
| 02/24/2006 | 15 | Summons Returned Unexecuted by Linda Pedraza, Francisco Pedraza as to Theresa Anderberg. (gsa, COURT STAFF) (Filed on 2/24/2006) |

| | | |
|---|---|---|
| | | (Entered: 02/27/2006) |
| 02/24/2006 | | Summons Issued as to Theresa Anderberg. *on First Amended Complaint* (gsa, COURT STAFF) (Filed on 2/24/2006) (Entered: 02/27/2006) |
| 02/24/2006 | | Summons Issued as to Alan Nishino. *on First Amended Complaint* (gsa, COURT STAFF) (Filed on 2/24/2006) (Entered: 02/27/2006) |
| 02/24/2006 | | Summons Issued as to David Wax. *on First Amended Complaint* (gsa, COURT STAFF) (Filed on 2/24/2006) (Entered: 02/27/2006) |
| 02/27/2006 | | Summons Issued as to Ardella Dailey. *on First Amended Complaint* (gsa, COURT STAFF) (Filed on 2/27/2006) (Entered: 02/27/2006) |
| 02/27/2006 | | Summons Issued as to Alameda Unified School District, Alameda County Board of Education. *on First Amended Complaint* (gsa, COURT STAFF) (Filed on 2/27/2006) (Entered: 02/27/2006) |
| 02/27/2006 | 16 | CLERK'S NOTICE Case Management Conference set for 5/30/2006 09:00 AM. Case Management Statement due by 5/23/2006. (gsa, COURT STAFF) (Filed on 2/27/2006) (Entered: 03/01/2006) |
| 02/27/2006 | 17 | ORDER that the petition for an order appointing Linda and Francisco Pedraza as joint guardians ad litem for Michael Pedraza is granted. Signed by Judge Vaughn R. Walker on 2/27/2006. (gsa, COURT STAFF) (Filed on 2/27/2006) (Entered: 03/01/2006) |
| 03/13/2006 | 18 | CLERK'S NOTICE continuing Initial Case Management Conference scheduled for 4/4/2006 to 5/30/2006 at 9:00 a.m. 5/9/2006 - Last day to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan. 5/9/2006 - Last day to file Joint ADR Certification with Stipulation to ADR process or Notice of Need for ADR Phone Conference. 5/23/2006 - Last day to complete initial disclosures or state objection in Rule 26(f) Report, file and serve joint case management statement. (gsa, COURT STAFF) (Filed on 3/13/2006) (Entered: 03/14/2006) |
| 03/15/2006 | 19 | ASSOCIATION of Counsel *Notice of Association of Counsel* by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Leone, Louis) (Filed on 3/15/2006) (Entered: 03/15/2006) |
| 03/17/2006 | 20 | MOTION to Dismiss *Notice of Motion and Motion to Dismiss* filed by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. Motion Hearing set for 4/20/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Leone, Louis) (Filed on 3/17/2006) (Entered: 03/17/2006) |
| 03/17/2006 | 21 | Request for Judicial Notice filed byTheresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Leone, Louis) (Filed on 3/17/2006) (Entered: 03/17/2006) |

| | | |
|---|---|---|
| 03/17/2006 | 22 | Declaration of Katherine A. Alberts *in Support of Motion to Dismiss* filed byTheresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Leone, Louis) (Filed on 3/17/2006) (Entered: 03/17/2006) |
| 03/17/2006 | 23 | MEMORANDUM in Support *Memo of Points and Authorities in support of motion to dismiss* filed byTheresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Leone, Louis) (Filed on 3/17/2006) (Entered: 03/17/2006) |
| 03/17/2006 | 24 | CERTIFICATE OF SERVICE by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax re 23 Memorandum in Support,, 20 MOTION to Dismiss *Notice of Motion and Motion to Dismiss*, 21 Request for Judicial Notice, 22 Declaration in Support, *Proof of Service to Plaintiffs in Pro Per* (Leone, Louis) (Filed on 3/17/2006) (Entered: 03/17/2006) |
| 03/20/2006 | 25 | MOTION to Amend/Correct 20 MOTION to Dismiss *Notice of Motion and Motion to Dismiss* filed by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. Motion Hearing set for 4/27/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Leone, Louis) (Filed on 3/20/2006) (Entered: 03/20/2006) |
| 03/20/2006 | | **ERRONEOUS DOCKET ENTRY - NO ATTACHMENT** MOTION to Dismiss filed by California Department of Education. Motion Hearing set for 4/27/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Keown, Allan) (Filed on 3/20/2006) Modified on 3/22/2006 (gsa, COURT STAFF). (Entered: 03/20/2006) |
| 03/22/2006 | 26 | CLERK'S NOTICE re: Documents E-Filed in a case not designated for ECF (gsa, COURT STAFF) (Filed on 3/22/2006) (Entered: 03/22/2006) |
| 03/22/2006 | 27 | CLERK'S NOTICE re: Documents E-Filed in a case not designated for ECF (gsa, COURT STAFF) (Filed on 3/22/2006) (Entered: 03/22/2006) |
| 03/23/2006 | 29 | MOTION to Dismiss filed by California Department of Education, Jack O'Connell, California Department of Education. Motion Hearing set for 6/1/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (gsa, COURT STAFF) (Filed on 3/23/2006) (Entered: 03/24/2006) |
| 03/23/2006 | 30 | MEMORANDUM in Support re 29 MOTION to Dismiss filed byJack O'Connell, California Department of Education. (Related document(s) 29 ) (gsa, COURT STAFF) (Filed on 3/23/2006) (Entered: 03/24/2006) |
| 03/23/2006 | 31 | Declaration of Allan H. Kewon in Support of 29 MOTION to Dismiss filed byJack O'Connell, California Department of Education. (Related document(s) 29 ) (gsa, COURT STAFF) (Filed on 3/23/2006) (Entered: 03/24/2006) |
| | | |

| | | |
|---|---|---|
| 03/23/2006 | | Proposed Order granting 29 MOTION to Dismiss by Jack O'Connell, California Department of Education. (gsa, COURT STAFF) (Filed on 3/23/2006) (Entered: 03/24/2006) |
| 03/23/2006 | 32 | Request for Judicial Notice re 29 MOTION to Dismiss filed byJack O'Connell, California Department of Education. (Related document(s) 29 ) (gsa, COURT STAFF) (Filed on 3/23/2006) (Entered: 03/24/2006) |
| 03/23/2006 | 33 | CERTIFICATE OF SERVICE by Jack O'Connell, California Department of Education re 29 MOTION to Dismiss, 30 Memorandum in Support, 31 Declaration in Support, Proposed Order, 32 Request for Judicial Notice (gsa, COURT STAFF) (Filed on 3/23/2006) (Entered: 03/24/2006) |
| 03/24/2006 | 28 | CLERK'S NOTICE re: Documents E-Filed in a case not designated for ECF (gsa, COURT STAFF) (Filed on 3/24/2006) (Entered: 03/24/2006) |
| 03/27/2006 | 34 | MOTION to Amend/Correct 25 MOTION to Amend/Correct 20 MOTION to Dismiss *Notice of Motion and Motion to Dismiss* filed by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax. Motion Hearing set for 6/1/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (gsa, COURT STAFF) (Filed on 3/27/2006) (Entered: 03/27/2006) |
| 03/27/2006 | | Set/Reset Hearings: Motion Hearing set for 6/1/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (gsa, COURT STAFF) (Filed on 3/27/2006) (Entered: 03/27/2006) |
| 03/28/2006 | | Remark - Motion Hearing has been changed to 6/1/2006 at 2:00 p.m. See docket #34. (gsa, COURT STAFF) (Filed on 3/28/2006) (Entered: 03/28/2006) |
| 04/03/2006 | 35 | NOTICE of Substitution of Counsel Linda Pedraza, Francisco Pedraza (gsa, COURT STAFF) (Filed on 4/3/2006) (Entered: 04/04/2006) |
| 04/03/2006 | | (Court only) ***Attorney Maxwell Nnamdi Njelita for Linda Pedraza and Francisco Pedraza added. (gsa, COURT STAFF) (Filed on 4/3/2006) (Entered: 04/04/2006) |
| 04/04/2006 | 36 | CLERK'S NOTICE re Inclusion of Case Into E-Filing Program (gsa, COURT STAFF) (Filed on 4/4/2006) (Entered: 04/04/2006) |
| 05/09/2006 | 37 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Leone, Louis) (Filed on 5/9/2006) (Entered: 05/09/2006) |
| 05/09/2006 | 38 | STIPULATION and Proposed Order selecting Mediation by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax (Leone, Louis) (Filed on 5/9/2006) (Entered: 05/09/2006) |
| 05/10/2006 | 39 | Memorandum in Opposition re 20 MOTION to Dismiss *Notice of Motion and Motion to Dismiss of Local Defendants* filed byLinda Pedraza, Francisco Pedraza. (Goins, Vernon) (Filed on 5/10/2006) (Entered: 05/10/2006) |

| | | |
|---|---|---|
| 05/10/2006 | 40 | Memorandum in Opposition re 29 MOTION to Dismiss *of State Defendants* filed byLinda Pedraza, Francisco Pedraza. (Goins, Vernon) (Filed on 5/10/2006) (Entered: 05/10/2006) |
| 05/10/2006 | 41 | OBJECTIONS to re 21 Request for Judicial Notice *of Local Defendants* by Linda Pedraza, Francisco Pedraza. (Goins, Vernon) (Filed on 5/10/2006) (Entered: 05/10/2006) |
| 05/10/2006 | 42 | OBJECTIONS to re 32 Request for Judicial Notice *of State Defendants* by Linda Pedraza, Francisco Pedraza. (Goins, Vernon) (Filed on 5/10/2006) (Entered: 05/10/2006) |
| 05/12/2006 | 43 | CLERK'S NOTICE : Case Management Conference CONTINUED from 5/30/2006 to 6/27/2006 09:00 AM. Case Management Statement due by 6/20/2006. (cgd, COURT STAFF) (Filed on 5/12/2006) (Entered: 05/12/2006) |
| 05/12/2006 | 44 | STIPULATION AND ORDER REFERRING CASE to Mediation. Signed by Chief Judge Vaughn R Walker on 5/12/2006. (cgd, COURT STAFF) (Filed on 5/12/2006) (Entered: 05/12/2006) |
| 05/18/2006 | 45 | Reply to Opposition *State Defendants' Memorandum of Points and Authorities in Reply to Plaintiffs' Opposition to Motion to Dismiss* filed byCalifornia Department of Education. (Keown, Allan) (Filed on 5/18/2006) (Entered: 05/18/2006) |
| 05/18/2006 | 46 | Reply Brief re 34 MOTION to Amend/Correct 25 MOTION to Amend/Correct 20 MOTION to Dismiss *Notice of Motion and Motion to Dismiss* filed byTheresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax. (gsa, COURT STAFF) (Filed on 5/18/2006) (Entered: 05/22/2006) |
| 06/01/2006 | 47 | Minute Entry: Motion Hearing held on 6/1/2006 before Chief Judge Vaughn R Walker re 20 MOTION to Dismiss, 25 34 , 29 MOTION to Dismiss filed by California Department of Education,, California Department of Education,, Jack O'Connell, 3 MOTION to Dismiss 5th through 8th Claims for Relief and Certain Parties from 9th and 10th Claims ; the court submitted the matter, court to issue written ruling. (Court Reporter Joan Columbini.) (cgd, COURT STAFF) (Date Filed: 6/1/2006) (Entered: 06/01/2006) |
| 06/02/2006 | 48 | Letter from N. Maxwell Njelita, Esq. *to Hon. V.R. Walker re Clarification*. (Goins, Vernon) (Filed on 6/2/2006) (Entered: 06/02/2006) |
| 06/08/2006 | 50 | Letter dated 6/2/2006 from N. Maxwell Njelita, Attorney for Plaintiffs, clarifying a response that he gave to one of the Cour's questions during the hearing on 6/1/2006 on defendant's motion to dismiss.. (gsa, COURT STAFF) (Filed on 6/8/2006) (Entered: 06/12/2006) |
| 06/12/2006 | 51 | ADR Clerk's Notice Appointing Kent C. Jonas as Mediator, dated 6/12/2006. (af, COURT STAFF) (Filed on 6/12/2006) (af, COURT STAFF). (Entered: 06/12/2006) |

| | | |
|---|---|---|
| 06/12/2006 | | (Court only) ***Mediator Kent C. Jonas added. (af, COURT STAFF) (Filed on 6/12/2006) (Entered: 06/12/2006) |
| 06/20/2006 | 52 | JOINT CASE MANAGEMENT STATEMENT filed by Linda Pedraza, Francisco Pedraza. (Goins, Vernon) (Filed on 6/20/2006) (Entered: 06/20/2006) |
| 06/23/2006 | 53 | CLERK'S NOTICE : Case Management Conference CONTINUED from 6/27/2006 to 7/25/2006 09:00 AM. (cgd, COURT STAFF) (Filed on 6/23/2006) (Entered: 06/23/2006) |
| 07/05/2006 | 54 | STIPULATION by Theresa Anderberg, Jack O'Connell, Alameda Unified School District Board of Education, Linda Pedraza, Francisco Pedraza, Alameda Unified School District, California Department of Education, Alan Nishino, Ardella Dailey, David Wax. (Leone, Louis) (Filed on 7/5/2006) (Entered: 07/05/2006) |
| 07/11/2006 | 55 | STIPULATION AND ORDER EXTENDING TIME TO COMPLETE MEDIATION up to 60 days from the date upon which the Court enters its order regarding Defendants' motions to dismiss. Signed by Chief Judge Vaughn R Walker on 7/11/2006. (cgd, COURT STAFF) (Filed on 7/11/2006) (Entered: 07/11/2006) |
| 07/18/2006 | 56 | JOINT CASE MANAGEMENT STATEMENT filed by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alameda County Board of Education, Alan Nishino, Ardella Dailey, David Wax. (Alberts, Katherine) (Filed on 7/18/2006) (Entered: 07/18/2006) |
| 07/25/2006 | 57 | Minute Entry: Initial Case Management Conference held on 7/25/2006 before Chief Judge Vaughn R Walker. Plaintiff to Amend Complaint no later than September 15, 2006. Defendant to Answer or Respond to the amended complaint no later than October 16, 2006. Hearing on motion, if filed is set for November 30, 2006 at 2:00 p.m. () (cgd, COURT STAFF) (Date Filed: 7/25/2006) (Entered: 07/25/2006) |
| 08/18/2006 | | (Court only) ***Motions terminated (See Doc ##10, 20, 29): 3 MOTION to Dismiss *5th through 8th Claims for Relief and Certain Parties from 9th and 10th Claims* filed by Alameda Unified School District,, Theresa Anderberg,, Alan Nishino,, Ardella Dailey,, David Wax,, Alameda Unified School District Board of Education,. (vrwlc1, COURT STAFF) (Filed on 8/18/2006) (Entered: 08/18/2006) |
| 09/13/2006 | 58 | Letter from N. Maxwell Njelita *to Hon. Vaughn R. Walker*. (Goins, Vernon) (Filed on 9/13/2006) (Entered: 09/13/2006) |
| 01/09/2007 | 59 | ADR Clerk's Notice Setting ADR Phone Conference on Tuesday, January 23, 2007 at 9:30 a.m. PST. ADR Program will initiate the call. (af, COURT STAFF) (Filed on 1/9/2007) (Entered: 01/09/2007) |
| 01/23/2007 | | ADR Remark: ADR Phone Conference conducted by RWS on 1/23/2007. A further ADR Phone Conference is scheduled on 2/5/2007 at 11:00 AM. (af, COURT STAFF) (Filed on 1/23/2007) (Entered: |

| | | |
|---|---|---|
| | | 01/24/2007) |
| 02/26/2007 | 62 | Letter from Linda L. Haynes-Pedraza dated 2/23/2007 to the Honorable Vaughn R. Walker requesting a review of the case file. (gsa, COURT STAFF) (Filed on 2/26/2007) (Entered: 03/06/2007) |
| 03/05/2007 | 63 | Letter dated 3/2/2007 from Linda L. Haynes-Pedraza to the Honorable Vaughn R. Walker requesting a meeting in chambers with the judge, the plaintiffs and their counsel. (gsa, COURT STAFF) (Filed on 3/5/2007) (Entered: 03/06/2007) |
| 03/06/2007 | 60 | ORDER re plaintiffs' meeting request. Signed by Chief Judge Walker on 03/06/2007. (vrwlc1, COURT STAFF) (Filed on 3/6/2007). (Entered: 03/06/2007) |
| 03/06/2007 | 61 | CERTIFICATE OF SERVICE re 60 Order *denying request* (cgk, COURT STAFF) (Filed on 3/6/2007) (Entered: 03/06/2007) |
| 03/12/2007 | 64 | Letter from Mr. and Mrs. Francisco Pedraza to the Honorable Vaughn R. Walker dated 3/12/2007 regarding concerns about their counsel and requesting the court take this into considerating prior to rendering a decision on any motion to withdraw made by their counsel. (gsa, COURT STAFF) (Filed on 3/12/2007) (Entered: 03/14/2007) |
| 03/27/2007 | 65 | ORDER by Chief Judge Walker finding as moot 25 Motion to Amend/Correct; granting in part and denying in part 29 Motion to Dismiss; finding as moot 34 Motion to Amend/Correct; granting in part and denying in part 20 Motion to Dismiss (vrwlc1, COURT STAFF) (Filed on 3/27/2007). (Entered: 03/27/2007) |
| 03/27/2007 | | Set Deadlines/Hearings: Case Management Statement due by 5/1/2007. Case Management Conference set for 5/8/2007 09:00 AM. (cgk, COURT STAFF) (Filed on 3/27/2007) (Entered: 03/29/2007) |
| 04/06/2007 | 66 | ANSWER to Amended Complaint *State Defendants CDE's & SSPI Jack O'Connell's Answer to 1st Amended Complaint and POS* byCalifornia Department of Education, Jack O'Connell, California Department of Education. (Attachments: # 1 proof of service)(Keown, Allan) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/06/2007 | 67 | ANSWER to Amended Complaint byTheresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Alberts, Katherine) (Filed on 4/6/2007) (Entered: 04/06/2007) |
| 04/24/2007 | | Set/Reset Hearings: Mediation Hearing set for 5/24/2007 09:00 AM., in the offices of Thelen, Reid, Brown Raysman & Steiner LLP 101 Second St., Suite 1800, San Francisco. (af, COURT STAFF) (Filed on 4/24/2007) (Entered: 04/24/2007) |
| 04/26/2007 | 68 | AMENDED ANSWER to *First* 10 Amended Complaint, *and*, First COUNTERCLAIM against Linda Pedraza, Francisco Pedraza byTheresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David |

| | | |
|---|---|---|
| | | Wax. (Leone, Louis) (Filed on 4/26/2007) (Entered: 04/26/2007) |
| 05/01/2007 | 69 | CASE MANAGEMENT STATEMENT filed by Theresa Anderberg, Alameda Unified School District Board of Education, Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Leone, Louis) (Filed on 5/1/2007) (Entered: 05/01/2007) |
| 05/01/2007 | 70 | ERRATA re 68 Amended Answer to Complaint,, Counterclaim, by Theresa Anderberg, Alameda Unified School District Board of Education, Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Leone, Louis) (Filed on 5/1/2007) (Entered: 05/01/2007) |
| 05/02/2007 | 71 | CASE MANAGEMENT STATEMENT filed by Linda Pedraza. (Goins, Vernon) (Filed on 5/2/2007) (Entered: 05/02/2007) |
| 05/07/2007 | 72 | Letter from Linda Pedraza to Judge Walker dated 5/7/2007 asking that various requests including immediately withdrawal of attorney be discussed at Case Management Conference to be held on 5/8/2007. (gsa, COURT STAFF) (Filed on 5/7/2007) (Entered: 05/10/2007) |
| 05/08/2007 | 73 | Minute Entry: Further Case Management Conference held on 5/8/2007 before Chief Judge Vaughn R Walker. Plaintiffs Linda Pedraza and Francisco Pedraza and their counsel are directed to meet and confer with Magistrate Judge James on or before May 31, 2007 re plaintiffs' representation. The parties shall appear for a further case management conference on 6/19/2007 at 9:00 AM. Plaintiffs are to report to defendants and the court in advance of the case management conference regarding the status of their representation (Court Reporter Debra Pas.) (cgk, COURT STAFF) (Date Filed: 5/8/2007) (Entered: 05/10/2007) |
| 05/08/2007 | | Set/Reset Hearings: Further Case Management Conference set for 6/19/2007 09:00 AM. (cgk, COURT STAFF) (Filed on 5/8/2007) (Entered: 05/10/2007) |
| 05/22/2007 | 74 | ADR Clerk's Notice Setting ADR Phone Conference on Tuesday, June 5, 2007 at 2:30 p.m. PDT. ADR Unit will initiate the call. (af, COURT STAFF) (Filed on 5/22/2007) (Entered: 05/22/2007) |
| 05/23/2007 | 75 | ADR Clerk's Notice Re-Setting ADR Phone Conference to Tuesday, June 12, 2007 at 10:30 a.m. The ADR Unit will initiate the call. (af, COURT STAFF) (Filed on 5/23/2007) (Entered: 05/23/2007) |
| 05/29/2007 | 76 | NOTICE of Change In Counsel by Vernon C. Goins, II (Goins, Vernon) (Filed on 5/29/2007) (Entered: 05/29/2007) |
| 05/29/2007 | | (Court only) *** Attorney Maxwell Nnamdi Njelita terminated. (gsa, COURT STAFF) (Filed on 5/29/2007) (Entered: 05/30/2007) |
| 05/31/2007 | 77 | Minute Entry: Meet and Confer held on 5/31/2007 before HON. |

| | | |
|---|---|---|
| | | MARIA-ELENA JAMES (Date Filed: 5/31/2007). Status Conference set for 6/7/2007 09:30 AM. () (bjt, COURT STAFF) (Date Filed: 5/31/2007) (Entered: 05/31/2007) |
| 06/07/2007 | 78 | Minute Entry: Telephonic conference call re Attorney Vernon Goins' continued representation of the plaintiffs held from 9:30a - 10:00a. (Date Filed: 6/7/2007). () (bpf, COURT STAFF) (Date Filed: 6/7/2007) (Entered: 06/07/2007) |
| 06/12/2007 | | ADR Remark: ADR Phone Conference conducted by Robin W. Siefkin on 6/12/2007. (af, COURT STAFF) (Filed on 6/12/2007) (Entered: 06/12/2007) |
| 06/12/2007 | 79 | CASE MANAGEMENT STATEMENT filed by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Alberts, Katherine) (Filed on 6/12/2007) (Entered: 06/12/2007) |
| 06/15/2007 | 80 | ORDER STAYING CASE. Signed by Chief Judge Walker on 6/15/07. (vrwlc1, COURT STAFF) (Filed on 6/15/2007) (Entered: 06/15/2007) |
| 06/25/2007 | | (Court only) ***Case Removed from Mediation - Referral to Mediation is vacated. (gsa, COURT STAFF) (Filed on 6/25/2007) (Entered: 06/25/2007) |
| 06/25/2007 | | CASE REFERRED to Magistrate Judge Maria-Elena James for Settlement (gsa, COURT STAFF) (Filed on 6/25/2007) (Entered: 06/25/2007) |
| 06/26/2007 | | (Court only) ***Mediation deadlines terminated. (af, COURT STAFF) (Filed on 6/26/2007). (Entered: 06/26/2007) |
| 06/27/2007 | 81 | ORDER re Case Referred to Magistrate Judge for Settlement. Settlement Conference set for 8/14/2007 10:00 AM.. Signed by Judge MARIA-ELENA JAMES on 6/27/07. (bjt, COURT STAFF) (Filed on 6/27/2007) (Entered: 06/27/2007) |
| 08/14/2007 | 82 | ORDER SETTING SETTLEMENT CONFERENCE. Signed by Judge Maria-Elena James on 8/15/07. (mejlc2, COURT STAFF) (Filed on 8/14/2007) (Entered: 08/14/2007) |
| 08/14/2007 | 83 | Minute Entry: Settlement Conference (Date Filed: 8/14/2007). Settlement Conference Rescheduled for 9/7/2007 10:00 AM. () (bjt, COURT STAFF) (Date Filed: 8/14/2007) (Entered: 08/14/2007) |
| 09/13/2007 | 84 | ORDER Settlement Conference set for 10/22/2007 02:00 PM. Plaintiffs Only. Signed by Judge MARIA-ELENA JAMES on 9/13/07. (bjt, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/13/2007) |
| 11/01/2007 | 85 | ORDER Further Settlement Conference set for 12/3/2007 02:00 PM.. Signed by Judge MARIA-ELENA JAMES on 11/1/07. (bjt, COURT STAFF) (Filed on 11/1/2007) (Entered: 11/01/2007) |
| 11/06/2007 | | Received Document Letter to the Office of Administrative Hearing, |

| | | |
|---|---|---|
| | | Special Education Unit,by Linda Pedraza requesting that the OAH claims be stayed until there is a determination of consolidation of OAH claims with the federal court claim. (gsa, COURT STAFF) (Filed on 11/6/2007) (Entered: 11/21/2007) |
| 11/28/2007 | 86 | NOTICE of Lis Pendens by Gregory Alan Wedner *OTHER ACTIONS PENDING* (Wedner, Gregory) (Filed on 11/28/2007) (Entered: 11/28/2007) |
| 11/28/2007 | 87 | NOTICE by Alameda Unified School District *CORRECTION OF DOCKET # 86* . (Wedner, Gregory) (Filed on 11/28/2007) (Entered: 11/28/2007) |
| 12/07/2007 | 88 | MOTION to Relate Case *Aministrative Motion to Consider Whether Cases Should Be Related; [Proposed] Order* filed by Alameda Unified School District. (Wedner, Gregory) (Filed on 12/7/2007) (Entered: 12/07/2007) |
| 12/07/2007 | 89 | Declaration of Sloan R. Simmons in Support of 88 MOTION to Relate Case *Aministrative Motion to Consider Whether Cases Should Be Related; [Proposed] Order* filed byAlameda Unified School District. (Related document(s) 88 ) (Wedner, Gregory) (Filed on 12/7/2007) (Entered: 12/07/2007) |
| 12/07/2007 | 90 | CERTIFICATE OF SERVICE by Alameda Unified School District re 88 MOTION to Relate Case *Aministrative Motion to Consider Whether Cases Should Be Related; [Proposed] Order*, 89 Declaration in Support, (Wedner, Gregory) (Filed on 12/7/2007) (Entered: 12/07/2007) |
| 12/10/2007 | 99 | MEMORANDUM in Opposition of Defendants' Notice of Pendency of Other Actions and Rebut to Standing Orders filed byLinda Pedraza, Francisco Pedraza. (gsa, COURT STAFF) (Filed on 12/10/2007) (Entered: 12/19/2007) |
| 12/11/2007 | 91 | MOTION to lift the stay on representation only, MOTION to Dismiss Counsel, filed by Linda Pedraza, Francisco Pedraza. (gsa, COURT STAFF) (Filed on 12/11/2007) (Entered: 12/13/2007) |
| 12/11/2007 | | (Court only) ***Motions terminated: (gsa, COURT STAFF) (Filed on 12/11/2007) (Entered: 12/13/2007) |
| 12/14/2007 | 92 | ORDER by Chief Judge Vaughn R Walker granting 88 Motion to Relate Cases C05-4977, C07-4781 and C07-5989. (cgk, COURT STAFF) (Filed on 12/14/2007) (Entered: 12/14/2007) |
| 12/17/2007 | 93 | MOTION to Withdraw as Attorney filed by Linda Pedraza, Francisco Pedraza. Motion Hearing set for 1/24/2008 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Goins, Vernon) (Filed on 12/17/2007) (Entered: 12/17/2007) |
| 12/17/2007 | 94 | Brief re 93 MOTION to Withdraw as Attorney filed byLinda Pedraza, Francisco Pedraza. (Related document(s) 93 ) (Goins, Vernon) (Filed on 12/17/2007) (Entered: 12/17/2007) |

| | | |
|---|---|---|
| 12/17/2007 | 95 | Declaration of Vernon C. Goins in Support of 93 MOTION to Withdraw as Attorney filed byLinda Pedraza, Francisco Pedraza. (Attachments: # 1 Exhibit Exhibit A)(Related document(s) 93 ) (Goins, Vernon) (Filed on 12/17/2007) (Entered: 12/17/2007) |
| 12/17/2007 | 96 | Proposed Order re 93 MOTION to Withdraw as Attorney by Linda Pedraza, Francisco Pedraza. (Goins, Vernon) (Filed on 12/17/2007) (Entered: 12/17/2007) |
| 12/18/2007 | 97 | ORDER consolidating cases. The parties shall file all further pleadings and motions in case no. C05-4977, and the clerk is ordered to close case nos. C07-5989 and C07-4781 and terminate any pending motions in those cases. Signed by Chief Judge Vaughn R Walker on 12/18/2007. (cgk, COURT STAFF) (Filed on 12/18/2007) (Entered: 12/18/2007) |
| 12/18/2007 | 98 | CERTIFICATE OF SERVICE re 97 Order served onto Linda Pedraza. (cgk, COURT STAFF) (Filed on 12/18/2007) (Entered: 12/18/2007) |
| 12/19/2007 | 100 | MOTION for Reconsideration re 92 Order on Motion to Relate Case + Notice of Pendency filed by Linda Pedraza, Francisco Pedraza. (gsa, COURT STAFF) (Filed on 12/19/2007) (Entered: 12/20/2007) |
| 12/19/2007 | 101 | NOTICE - Plaintiffs' renotice under Civil LR 3-12 (f) (1), Plaintiff will not consent to the availability of the District Court Jedges at this time based on the exhaustion of pending administrative issues in state court. Plaintiffs further move this matter to a general duty Judge for no assignment at this time by Linda Pedraza, Francisco Pedraza (gsa, COURT STAFF) (Filed on 12/19/2007) (Entered: 12/20/2007) |
| 12/19/2007 | 102 | Application for Writ of Habeas Corpus ad Testificandum Denied, CERTIFICATE OF SERVICE by Linda Pedraza, Francisco Pedraza re 101 Notice (Other), Notice (Other), 100 MOTION for Reconsideration re 92 Order on Motion to Relate Case (gsa, COURT STAFF) (Filed on 12/19/2007) (Entered: 12/20/2007) |
| 12/20/2007 | 103 | ASSOCIATION of Counsel by Theresa Anderberg, Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax, Alameda County Board of Education. (Wedner, Gregory) (Filed on 12/20/2007) (Entered: 12/20/2007) |
| 12/20/2007 | | (Court only) ***Attorney Claudia Leed for Alameda Unified School District Board of Education, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax, Alameda Unified School District, Alan Nishino, Ardella Dailey and David Wax added. (gsa, COURT STAFF) (Filed on 12/20/2007) (Entered: 01/04/2008) |
| 12/20/2007 | | (Court only) ***Attorney Claudia Leed for Theresa Anderberg and Alameda County Board of Education, Louis A. Leone for Theresa Anderberg and Alameda County Board of Education added. (gsa, COURT STAFF) (Filed on 12/20/2007) (Entered: 01/04/2008) |
| 12/20/2007 | | (Court only) ***Party Rosalind Davenport rep by Claudia Leed, Gregory |

| | | |
|---|---|---|
| | | Alan Wedner, Katherine A. Alberts, Louis A. Leone added. (gsa, COURT STAFF) (Filed on 12/20/2007) (Entered: 01/04/2008) |
| 12/26/2007 | 104 | CLERK'S NOTICE Continuing Motion Hearing : Hearing on the motion to withdraw as counsel and any other motions filed in the related cases has been CONTINUED from 1/24/2008 to 2/14/2008 02:30 PM in Courtroom 6, 17th Floor, San Francisco. (cgk, COURT STAFF) (Filed on 12/26/2007) (Entered: 12/26/2007) |
| 12/26/2007 | | Received Document - re subpoena. (gsa, COURT STAFF) (Filed on 12/26/2007) (Entered: 12/28/2007) |
| 12/26/2007 | 105 | MOTION for issuance of order to show cause filed by Linda Pedraza, Francisco Pedraza. Motion Hearing set for 1/24/2008 02:00 PM. (gsa, COURT STAFF) (Filed on 12/26/2007) (Entered: 12/28/2007) |
| 12/26/2007 | 106 | MEMORANDUM in Opposition to counselors motions and declarations filed byLinda Pedraza, Francisco Pedraza. (gsa, COURT STAFF) (Filed on 12/26/2007) (Entered: 12/28/2007) |
| 12/26/2007 | 107 | MOTION to Continue and opposition to hearing date of January 10, 2008 filed by Linda Pedraza, Francisco Pedraza. (gsa, COURT STAFF) (Filed on 12/26/2007) (Entered: 12/28/2007) |
| 01/03/2008 | 108 | NOTICE of Hearing: Order to Show Cause Hearing set for 2/7/2008 02:30 PM. (gsa, COURT STAFF) (Filed on 1/3/2008) (Entered: 01/04/2008) |
| 01/03/2008 | | Proposed Order re 108 Notice of Hearing by Linda Pedraza. (gsa, COURT STAFF) (Filed on 1/3/2008) (Entered: 01/04/2008) |
| 01/03/2008 | 109 | CERTIFICATE OF SERVICE by Francisco Pedraza re 108 Notice of Hearing, Proposed Order (gsa, COURT STAFF) (Filed on 1/3/2008) (Entered: 01/04/2008) |
| 01/04/2008 | 110 | MOTION for Reconsideration and Opposition to the consolidation of cases 07-5989 VRW, 07-4781 VRW, and 05-4977 VRW filed by Linda Pedraza, Francisco Pedraza. (gsa, COURT STAFF) (Filed on 1/4/2008) (Entered: 01/07/2008) |
| 01/08/2008 | 111 | ORDER VACATING JANUARY 14, 2008 SETTLEMENT CONFERENCE. Signed by Judge Maria-Elena James on 1/8/08. (mejlc2, COURT STAFF) (Filed on 1/8/2008) (Entered: 01/08/2008) |
| 01/23/2008 | 112 | MOTION to Dismiss *Notice of Defendants' Motion to Dismiss Certain Claims and Defendants in the First, Second, Third, and Fourth Claims for Relief of Plaintiffs' Complaint* filed by Theresa Anderberg, Alameda Unified School District Board of Education, Rosalind Davenport, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. Motion Hearing set for 3/20/2008 02:30 PM in Courtroom 6, 17th Floor, San Francisco. (Leone, Louis) (Filed on 1/23/2008) (Entered: 01/23/2008) |
| 01/23/2008 | 113 | Brief re 112 MOTION to Dismiss *Notice of Defendants' Motion to* |

| | | |
|---|---|---|
| | | *Dismiss Certain Claims and Defendants in the First, Second, Third, and Fourth Claims for Relief of Plaintiffs' Complaint Memorandum of Points and Authorities in Support of Defendants' Motion to Dimiss Certain Claims and Defendants in the First, Second, Third, and Fourth Claims for Relief of Plaintiffs' Complaint* filed byTheresa Anderberg, Alameda Unified School District Board of Education, Rosalind Davenport, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax. (Related document(s) 112 ) (Leone, Louis) (Filed on 1/23/2008) (Entered: 01/23/2008) |
| 01/23/2008 | 114 | CERTIFICATE OF SERVICE by Theresa Anderberg, Alameda Unified School District Board of Education, Rosalind Davenport, Alameda Unified School District, Alan Nishino, Ardella Dailey, David Wax re 112 MOTION to Dismiss *Notice of Defendants' Motion to Dismiss Certain Claims and Defendants in the First, Second, Third, and Fourth Claims for Relief of Plaintiffs' Complaint Proof of Service* (Leone, Louis) (Filed on 1/23/2008) (Entered: 01/23/2008) |

Gregory A. Wedner, SBN 067965
Sloan R. Simmons, SBN 233752
**LOZANO SMITH**
2000 Crow Canyon Place, Suite 200
San Ramon, CA 94583-1344
Telephone: (925) 302-2000
Facsimile: (925) 302-2010

Attorneys for Defendants
ALAMEDA UNIFIED SCHOOL DISTRICT,
ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION,
ALAN NISHINO, ARDELLA DAILEY, DAVID WAX,
THERESA ANDERBERG, and ROSALIND DAVENPORT

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LINDA PEDRAZA et al.,

Plaintiffs,

v.

ALAMEDA UNIFIED SCHOOL DISTRICT, and THE CALIFORNIA DEPARTMENT OF EDUCATION, THE ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, ALAN NISHINO, individually and as Superintendent of the Alameda Unified School District, ARDELLA DAILEY, as Superintendent of the Alameda Unified School District, DAVID WAX, individually and as Special Education Director of the Alameda Unified School District, THERESA ANDERBERG, as Special Education Director of the Alameda Unified School District, CALIFORNIA DEPARTMENT OF EDUCATION and JACK O'CONNELL, as State Superintendent of Public Instruction for the State of California,

Defendants.

CASE NO. 3:07-cv-04781-MEJ

**NOTICE OF ERRATA TO MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS AND DEFENDANTS IN THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT**

DATE: Jan. 10, 2008
TIME: 10:00 a.m.
ROOM: B, 15th Floor
TRIAL: None Set




TO THE HONORABLE COURT, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

1. Please take notice that on December 5, 2007, Defendants Alameda Unified School District ("District"), Alameda Unified School District Board of Education ("Board"), Alan Nishino, Ardella Dailey, David Wax, and Theresa Anderberg ("Individual Defendants") (collectively "Defendants"),

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

pursuant to Rule 12 of the Federal Rules of Civil Procedure, filed their Motion to Dismiss ("Motion") the Second and Fourth Claims in full, the Individual Defendants from the First and Third Claims, the request for monetary damages under the First Claim and request for punitive damages under the Third Claim set forth in the Complaint of Plaintiffs Linda Pedraza and Francisco Pedraza, individually and on behalf of their son M.P. ("Plaintiffs").

2. Plaintiffs' Complaint's caption does not identify Rosalind Davenport (current District Director of Special Education) as a defendant in the action. However, paragraph 14, at page 5 of the Complaint, describes Davenport as one of the Individual Defendants. Defendants' Motion inadvertently did not include Davenport in the description of Individual Defendants or as one of the collective Defendants filing the Motion at: (1) the Motion's title page, lines 5 through 7; (2) the Notice of Motion at Motion page 1, lines 4 through 6; (3) the Notice of Motion at Motion page 2, lines 9 through 12; (4) the Motion at page 3, lines 10 through 15; and (5) the Motion at page 15, lines 21 through 25. As such, all arguments in the Motion on behalf the Defendants and/or Individual Defendants are also intended to be on behalf of, run in favor and apply to the benefit of, Defendant Davenport.

3. Defendants' Motion inadvertently identifies Defendant Anderberg as the current District Director of Special Education, where Anderberg, like Defendant Wax, is also a former District Director of Special Education.

Dated: December 6, 2007

Respectfully submitted,

LOZANO SMITH

GREGORY A. WEDNER
SLOAN R. SIMMONS
Attorneys for Defendants
ALAMEDA UNIFIED SCHOOL DISTRICT,
ALAMEDA UNIFIED SCHOOL DISTRICT
BOARD OF EDUCATION,
ALAN NISHINO,
ARDELLA DAILEY,
DAVID WAX,
THERESA ANDERBERG, and
ROSALIND DAVENPORT

00002\066\PLD\SR054421.WPD

Gregory A. Wedner, SBN 067965
Sloan R. Simmons, SBN 233752
**LOZANO SMITH**
899 Northgate Drive, Suite 200
San Rafael, CA 94903-3666
Telephone: (415) 459-3008
Facsimile (415) 456-3826

Attorneys for Defendants
ALAMEDA UNIFIED SCHOOL DISTRICT,
ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION,
ALAN NISHINO, ARDELLA DAILEY,
DAVID WAX, and THERESA ANDERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PEDRAZA and FRANCISCO PEDRAZA, individually and on behalf of their son MICHAEL PEDRAZA,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT, and THE CALIFORNIA DEPARTMENT OF EDUCATION, THE ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, ALAN NISHINO, individually and as Superintendent of the Alameda Unified School District, ARDELLA DAILEY, as Superintendent of the Alameda Unified School District, DAVID WAX, individually and as Special Education Director of the Alameda Unified School District, THERESA ANDERBERG, as Special Education Director of the Alameda Unified School District, CALIFORNIA DEPARTMENT OF EDUCATION and JACK O'CONNELL, as State Superintendent of Public Instruction for the State of California,<br><br>Defendants. | CASE NO. 3:07-cv-04781-MEJ<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>COPY |

///

///

///



LOZANO SMITH
899 NORTHGATE DRIVE, SUITE 200 SAN RAFAEL, CA 94903-3666
TEL 415-459-3008 FAX 415-456-3826

The Motion of Defendants Alameda Unified School District ("District"), Alameda Unified School District Board of Education ("Board"), Alan Nishino, Ardella Dailey, David Wax, and Theresa Anderberg ("Individual Defendants") (collectively "Defendants") for dismissal came on regularly for hearing before this Court on January 10, 2008, at 10:00 a.m., in Room B, 15th Floor, and Gregory A. Wedner, Esq., of Lozano Smith appeared and argued as attorney for Defendants, and Vernon C. Goins II, Esq., of Taylor, Goins, and Stallworth appeared and argued for Plaintiffs Linda Pedraza and Francisco Pedraza, individually and on behalf of their son M.P.

After considering the moving, opposition, and reply papers, arguments of counsel and all other matters presented to the Court, IT IS HEREBY ORDERED THAT the motion is GRANTED and [the [Second] and [Fourth] claims for relief in Plaintiffs' Complaint are hereby dismissed]; [the individual defendants Alan Nishino, Ardella Dailey, David Wax, and Theresa Anderberg are hereby dismissed from the [First] and [Third] claim[s] for relief in Plaintiffs' Complaint]; and [Plaintiffs' requested relief of [punitive and compensatory monetary damages in the First claim for relief in Plaintiffs' Complaint] and [punitive monetary damages in the Third claim for relief in Plaintiffs' Complaint] are hereby dismissed].

Dated: ____________ _____, 200___

_______________________________
The Honorable Maria-Elena James
UNITED STATES MAGISTRATE JUDGE

LOZANO SMITH
899 NORTHGATE DRIVE, SUITE 200 SAN RAFAEL, CA 94903-3666
TEL 415-459-3008 FAX 415-456-3826

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LINDA PEDRAZA, et al.
Plaintiff(s),

vs.

ALAMEDA UNIFIED SCHOOL DISTRICT, and the CALIFORNIA DEPARTMENT OF EDUCATION, et al.
Defendant(s).

No. C07-04781 MEJ

**CONSENT TO ASSIGNMENT OR REQUEST FOR REASSIGNMENT**

COPY

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 18 U.S.C. § 636(c), the undersigned party hereby consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of final judgment, and voluntarily waives the right to proceed before a United States District Judge.

LOZANO SMITH

Dated: December 5, 2007 Signed by: [signature]

Counsel for: ALAMEDA UNIFIED SCHOOL DISTRICT and ALL OTHER NAMED AUSD DEFENDANTS

**REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: ____________________ Signed by: ____________________

Counsel for: ____________________

United States District Court
For the Northern District of California

***TAYLOR, GOINS & STALLWORTH LLP***

***1330 Broadway, Suite 1701***
***Oakland, Ca 94612***

***Phone: 510.893.9465***
***Fax: 510.893.4228***

December 7, 2007

**VIA U.S. MAIL**

Linda Pedraza
22 Souza Court
Alameda CA 94502

Re: *Pedraza v. AUSD*
*Case No. 07-cv-04781 MEJ*

Dear Mrs. Pedraza:

Enclosed, please find the following document(s):

1) **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS AND DEFENDANTS IN THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT**
2) **[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS**
3) **CONSDENT TO ASSIGNMENT OR REQUEST FOR REASSIGNMENT**
4) **NOTICE OF ERRATA TO MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS AND DEFENDANTS IN THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT**

(X) Please review and keep for your records.
( ) Check enclosed.
( ) Please sign and date where indicated and return to this office as soon as possible.
( ) Should you require anything further, please do not hesitate to contact this office.

Very truly yours,

TAYLOR, GOINS & STALLWORTH LLP

Erika Casady
Assistant to Vernon C. Goins

Encl.

Gregory A. Wedner, SBN 067965
Sloan R. Simmons, SBN 233752
**LOZANO SMITH**
2000 Crow Canyon Place, Suite 200
San Ramon, CA 94583-1344
Telephone: (925) 302-2000
Facsimile: (925) 302-2010

Attorneys for Defendants
ALAMEDA UNIFIED SCHOOL DISTRICT,
ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION,
ALAN NISHINO, ARDELLA DAILEY,
DAVID WAX, and THERESA ANDERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

| | |
|---|---|
| LINDA PEDRAZA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT, and THE CALIFORNIA DEPARTMENT OF EDUCATION, THE ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, ALAN NISHINO, individually and as Superintendent of the Alameda Unified School District, ARDELLA DAILEY, as Superintendent of the Alameda Unified School District, DAVID WAX, individually and as Special Education Director of the Alameda Unified School District, THERESA ANDERBERG, as Special Education Director of the Alameda Unified School District, CALIFORNIA DEPARTMENT OF EDUCATION and JACK O'CONNELL, as State Superintendent of Public Instruction for the State of California,<br><br>Defendants. | CASE NO. 3:07-cv-04781-MEJ<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS AND DEFENDANTS IN THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT**<br><br>**(Fed. R. Civ. P. 12)**<br><br>DATE: Jan. 10, 2008<br>TIME: 10:00 a.m.<br>ROOM: B, 15th Floor<br>TRIAL: None Set<br><br>COPY |

///

///

///

///

///

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

NOTICE OF MOTION .......... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......... 3

INTRODUCTION .......... 3

STATEMENT OF FACTS .......... 4

GOVERNING LAW UNDER RULE 12 .......... 6

ARGUMENT .......... 7

I. THIS COURT SHOULD DISMISS ALL INDIVIDUAL DEFENDANTS FROM PLAINTIFFS' FIRST CLAIM BECAUSE THEY ARE IMPROPER DEFENDANTS IN A CIVIL ACTION UNDER THE IDEA. .......... 7

II. THIS COURT SHOULD DISMISS PLAINTIFFS' FIRST CLAIM TO THE EXTENT PLAINTIFFS SEEK PUNITIVE AND/OR COMPENSATORY DAMAGES BECAUSE SUCH DAMAGES ARE UNAVAILABLE UNDER THE IDEA. .......... 9

III. THIS COURT SHOULD DISMISS PLAINTIFFS' SECOND CLAIM IN ITS ENTIRETY BECAUSE PLAINTIFFS CANNOT PREDICATE A SECTION 1983 CLAIM ON ALLEGED IDEA VIOLATIONS. .......... 11

IV. THIS COURT SHOULD DISMISS THE INDIVIDUAL DEFENDANTS FROM PLAINTIFF' THIRD CLAIM BECAUSE SECTION 504 DOES NOT PROVIDE FOR LIABILITY AGAINST INDIVIDUALS. .......... 12

V. PLAINTIFFS' REQUESTED PUNITIVE DAMAGES UNDER SECTION 504 IN THEIR THIRD CLAIM MUST BE DISMISSED, AS SUCH DAMAGES ARE UNAVAILABLE UNDER SECTION 504. .......... 14

VI. THIS COURT SHOULD DISMISS PLAINTIFFS' FOURTH CLAIM IN ITS ENTIRETY BECAUSE PLAINTIFFS CANNOT PREDICATE A SECTION 1983 CLAIM ON ALLEGED SECTION 504 VIOLATIONS. .......... 14

CONCLUSION .......... 15


LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

# TABLE OF AUTHORITIES

## Cases

### United States Supreme Court

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 126 S.Ct. 2455 (2006) .......... 10

*Barnes v. Gorman*, 536 U.S. 181 (2002) .......... 14

*Bd. of Educ. v. Rowley*, 458 U.S. 176 (1982) .......... 10

*Blessing v. Freestone*, 520 U.S. 329 (1997) .......... 11

*Sch. Comm. of Burlington v. Dept. of Educ.*, 471 U.S. 359 (1985) .......... 10

*Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498 (1990) .......... 15

*Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989) .......... 12

### Ninth Circuit Appellate and District Courts

*Alex G. v. Bd. of Trustees*, 332 F.Supp.2d 1315 (E.D. Cal. 2004) .......... 11, 12

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir.1990) .......... 6

*Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994) .......... 6

*Becker v. Oregon*, 170 F.Supp.2d 1061 (D. Or. 2001) .......... 8, 13

*Belanger v. Madera*, 963 F.2d 248 (9th Cir. 1992) .......... 12

*Blanchard v. Morton Sch. Dist.*, 504 F.3d 771 (9th Cir. 2007) .......... 10-11, 12

*Blanchard v. Morton Sch. Dist.*, 2006 WL 2459167 (W.D. Wash. Aug. 25, 2006) .......... 8

*Blanchard v. Morton Sch. Dist.*, 2006 WL 1075222 (W.D. Wash. Apr. 20, 2006) (slip op.) .......... 8, 13

*Blanchard v. Morton Sch. Dist.*, 410 F.3d 918 (9th Cir. 2005) .......... 11

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

*Buckley v. City of Redding*, 66 F.3d 188 (9th Cir. 1995) .... 15

*Burges v. Carmichael*, 37 Fed.Appx. 288 (9th Cir. 2002) .... 12

*C.O. v. Portland Pub. Sch.*, 406 F.Supp.2d 1157 (D. Or. 2005) .... 8

*Chavez v. County of San Diego*, 127 Fed. Appx. 335 (9th Cir. 2005) .... 15

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) .... 6

*Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092 (9th Cir. 2000) .... 12

*Dept. of Educ. v. Katherine D.*, 727 F.2d 809 (9th Cir. 1983) .... 12

*Doe ex rel. Doe v. State of Haw. Dept. of Educ.*, 351 F.Supp.2d 998 (D. Haw. 2004) .... 13, 14, 15

*Eason v. Clark County Sch. Dist.*, 303 F.3d 1137 (9th Cir. 2002) .... 15

*Gary v. Hawthron*, 2007 WL 2781098 (S.D. Cal. Sept. 19, 2007) .... 15

*Gilligan v. Jamco Development Corp.*, 108 F.3d 246 (9th Cir. 1997) .... 6

*Ileto v. Glock Inc.*, 349 F.3d 1191 (9th Cir. 2003) .... 6

*Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162 (9th Cir. 2007) .... 9

*Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002) .... 14

*Marcotte v. Monroe Corrections Complex*, 394 F.Supp.2d 1289 (W.D. Wash. 2005) .... 12

*Mountain View-Los Altos Union High Sch. Dist. v. Sharron B.H.*, 709 F.2d 28 (9th Cir. 1983) .... 11

*Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489 (9th Cir. 1994) .... 7

*Pareto v. F.D.I.C.*, 139 F.3d 696 (9th Cir. 1998) .... 6

///

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

*Parks v. California*, 2006 WL 3097965, (E.D. Cal. Oct. 31, 2006) .......... 13

*Pedraza v. Alameda Unified Sch. Dist.*, 2007 WL 949603 (N.D. Cal. Mar. 27, 2007) .......... 12, 14, 15

*Russell v. Dept. of Educ.*, 2007 WL 2915616 (D. Haw. Oct. 2, 2007) (slip op.) .......... 12

*Robb v. Bethel Sch. Dist.*, 308 F.3d 1047 (9th Cir. 2002) .......... 9

*Reid v. Petaluma Joint Union High Sch. Dist.*, 2000 WL 1229059 (N.D. Cal. Aug. 21, 2000) .......... 9, 10

*Taylor v. Honig*, 910 F.2d 627 (9th Cir. 1990) .......... 11

*Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002) .......... 13, 15

*Witte v. Clark County Sch. Dist.*, 197 F.3d 1271 (9th Cir. 1999) .......... 11

*Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807 (9th Cir. 1999) .......... 12, 13

*Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041 (9th Cir. 1999) .......... 13

**Other Federal Appellate and District Courts**

*Bracey v. Buchanan*, 55 F.Supp.2d 416 (E.D. Va. 1999) .......... 13

*Bradley v. Ark. Dept. of Educ.*, 301 F.3d 952 (8th Cir. 2002) .......... 8

*Calloway v. Boro of Glassboro Dept. of Police*, 89 F.Supp.2d 543 (D.N.J. 2000) .......... 13

*Charlie F. v. Bd. of Educ.*, 98 F.3d 989 (7th Cir. 1996) .......... 11

*Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 980 F.2d 382 (6th Cir. 1992) .......... 11

*Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13 (1st Cir. 2006) .......... 8

*Emerson v. Thiel Coll.*, 296 F.3d 184 (3d Cir. 2002) .......... 13

*Garcia v. S.U.N.Y. Health Sciences Ctr.*, 280 F.3d 98 (2d Cir. 2001) .......... 13

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

*Grzan v. Charter Hosp. of Northwest Ind.*, 104 F.3d 116 (7th Cir.1997) .......... 8

*Hall by Hall v. Vance County Bd. of Educ.*, 774 F.2d 629 (4th Cir. 1985) .......... 10

*Heidemann v. Rother*, 84 F.3d 1021 (8th Cir. 1996) .......... 11

*Hiler v. Brown*, 177 F.3d 542 (6th Cir. 1999) .......... 13

*Huck v. Mega Nursing Servs., Inc.*, 989 F.Supp.1462 (S.D. Fla. 1997) .......... 13

*Lane v. Maryhaven Ctr. of Hope*, 944 F.Supp. 158 (E.D.N.Y. 1996) .......... 13

*Manecke v. Sch. Bd.*, 762 F.2d 912 (11th Cir 1985) .......... 11

*Mitchell v. Mass. Dept. of Correction*, 190 F.Supp.2d 204 (D. Mass. 2002) .......... 13

*Montez v. Romer*, 32 F.Supp.2d 1235 (D. Col. 1999) .......... 13

*Ortiz v. Fajardo*, 133 F.Supp.2d 143 (D.P.R. 2001) .......... 13

*P.N. & G.N. v. Greco*, 282 F.Supp.2d 221 (D.N.J. 2003) .......... 13

*Rafferty v. Cranston Pub. Sch. Comm.*, 315 F.3d 21 (1st Cir. 2002) .......... 13

*Sellers v. Sch. Bd.*, 141 F.3d 524 (4th Cir. 1998), *cert denied*, 525 U.S. 871 (1998) .......... 9-10, 10, 11

*Yeskey v. Commonwealth of Pa.*, 76 F.Supp.2d 572 (M.D. Pa. 1999) .......... 13

**Statutes, Rules, and Regulations**

**Code of Federal Regulations**

34 C.F.R. § 100.7 .......... 12, 13

34 C.F.R. § 104.4 .......... 12

34 C.F.R. § 104.61 .......... 12, 13

34 C.F.R. § 300.346 .......... 7

///

Lozano Smith
2000 Crow Canyon Place, Suite 200 San Ramon, CA 94583-1344
Tel 925-302-2000 Fax 925-302-2010

**Federal Rules of Civil Procedure**

FED. R. CIV. P. 12 .......... 1, 3, 4, 6

**United States Code**

20 U.S.C. §§ 1400 *et seq.* .......... *passim*

20 U.S.C. § 1401 .......... 7

20 U.S.C. § 1412 .......... 7

20 U.S.C. § 1413 .......... 7

20 U.S.C. § 1414 .......... 7

20 U.S.C. § 1415 .......... 7, 8

29 U.S.C. § 794 .......... *passim*

29 U.S.C. § 794a .......... 12, 13

42 U.S.C. § 1983 .......... *passim*

**United States Constitution**

U.S. Const., XIV amend. .......... 3, 5

**Other**

*M.P. v. Office of Administrative Hearings et al.*, Case No. C07-05989 EMC .......... 5

*Pedraza v. Alameda Unified Sch. Dist. et al.*, Case No. C05-04977 VRW .......... 3, 5

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on January 10, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above entitled court located at 450 Golden Gate, San Francisco, CA 94102, in Room B on the 15th Floor, Defendants Alameda Unified School District ("District"), Alameda Unified School District Board of Education ("Board"), Alan Nishino, Ardella Dailey, David Wax, and Theresa Anderberg ("Individual Defendants") (collectively "Defendants"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, will and hereby do move this Court to dismiss Plaintiffs' Second and Fourth Claims in full, the Individual Defendants from Plaintiffs' First and Third Claims, Plaintiffs' requested monetary damages under their First Claim, and Plaintiffs' requested Punitive Damages under their Third Claim set forth in the Complaint filed by Plaintiffs Linda Pedraza and Francisco Pedraza, individually and on behalf of their son M.P. ("Plaintiffs").

This Motion is made as on the following grounds:

1. Plaintiffs' First Claim fails to state a claim on which relief may be granted because the Individual Defendants are improper defendants in a civil action under the Individuals with Disabilities Education Improvement Act ("IDEA") (20 U.S.C. sections 1400 *et seq.*);

2. Plaintiffs' requested relief of punitive and compensatory damages in their First Claim is unavailable under the IDEA;

3. Plaintiffs' Second and Fourth Claims fail to state a claim on which relief may be granted because the IDEA and section 504 of the Rehabilitation Act of 1973 (29 U.S.C. section 794) ("section 504") enforcement schemes are so comprehensive as to preclude enforcement of rights under the IDEA or section 504 through 42 U.S.C. section 1983;

4. Plaintiffs' Third Claim fails to state a claim on which relief may be granted to the extent Plaintiffs assert this claim against the Individual Defendants because the Individual Defendants are not recipients of federal funds for purposes of section 504 and, thus, are improper defendants; and

5. Plaintiffs' request for punitive damages under their Third Claim is unavailable under section 504.

///

///

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

This Motion is based on the instant Notice, the Memorandum of Points and Authorities submitted herewith, all pleading in this action, as well as any and all evidence and arguments to be offered at the hearing upon this Motion.

Dated: December 5, 2007

Respectfully submitted,

LOZANO SMITH

GREGORY A. WEDNER
SLOAN R. SIMMONS
Attorneys for Defendants
ALAMEDA UNIFIED SCHOOL DISTRICT,
ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION,
ALAN NISHINO,
ARDELLA DAILEY,
DAVID WAX, and
THERESA ANDERBERG

Q:\RAM_DOCS\00002\066\pld\SR053730.WPD

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On September 17, 2007, Plaintiffs Linda Pedraza and Francisco Pedraza, individually and on behalf of their son M.P. (referred to collectively as "Plaintiffs"), filed a complaint asserting various claims under the Individuals with Disabilities Education Improvement Act ("IDEA") (20 U.S.C. sections 1400 *et seq.*), section 504 of the Rehabilitation Act of 1973 (29 U.S.C. section 794) (referred to herein as "section 504"), 42 U.S.C. section 1983 ("section 1983"), and the Fourteenth Amendment of the United States Constitution. Under the Complaint, Plaintiffs attempt to assert various civil rights damage and discrimination claims, seeking compensatory education, reimbursement, attorneys' fees, compensatory and punitive damages, as well as injunctive relief. Plaintiffs assert these claims against the Alameda Unified School District ("District"), the District's Board of Education ("Board"),[1] and numerous former and current District administrators. Individual defendants named are former District Superintendent Alan Nishino, current District Superintendent Ardella Dailey, former District Director of Special Education David Wax, and current District Director of Special Education Theresa Anderberg ("Individual Defendants") (referred to collectively with the District and Board as "Defendants"). Plaintiffs also name the California Department of Education ("CDE") and State Superintendent of Public Instruction Jack O'Connell as defendants (referred to collectively as "State Defendants"). In many ways, Plaintiffs' Complaint mirrors the pending complaint Plaintiffs previously filed in this Court in *Pedraza v. Alameda Unified School District et al.*, Case No. C05-04977 VRW, the Honorable Chief Judge Vaughn R. Walker presiding.

This Motion presents a brief statement of facts first. Next follows a summary of the pertinent law under Rule 12. Finally, the Motion demonstrates Defendants' entitlement to dismissal of claims and defendants from Plaintiffs' Complaint, including: (1) the Individual Defendants from Plaintiffs' First claim for relief under Rule 12(b)(6) for failure to state a claim on which relief may be granted because they are improper defendants in a civil action under the IDEA; (2) the request for punitive (and

---

[1] Although Plaintiffs refer to the District's Board as the Alameda *County* Board of Education intermittently throughout their Complaint, the District and Board assume that Plaintiffs intend to and are referring to the Alameda *Unified School District* Board of Education.

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

implicitly compensatory) damages under Plaintiffs' First claim for relief because such damages are unavailable under the IDEA; (3) the entirety of Plaintiffs' Second and Fourth claims for relief under Rule 12(b)(6) for failure to state a claim on which relief may be granted because the IDEA and section 504 enforcement schemes are so comprehensive as to preclude enforcement of rights under the IDEA or section 504 through section 1983; (4) all Individual Defendants under Plaintiffs' Third Claim for relief under Rule 12(b)(6) for failure to state a claim on which relief may be granted because individuals are not recipients of federal funds for purposes of section 504 and, thus, are improper defendants; and (5) Plaintiffs' request for punitive damages under their Third Claim, because such relief is unavailable under section 504.

**STATEMENT OF FACTS**

On September 17, 2007, Plaintiffs filed, but did not serve, the Complaint. (Compl. at 1.) The Complaint includes five claims for relief. Plaintiffs' First claim for relief ("First Claim") is under the IDEA and seeks all available IDEA remedies, including compensatory education, reimbursement, injunctive relief, as well as attorneys' fees and costs. (Compl. at 11:15-17.) Plaintiffs' First Claim also expressly seeks punitive damages (and implicitly compensatory damages). (Compl. at 11, ¶ 40.) Paragraphs 28 and 43 of the Complaint infer that Plaintiffs' First Claim is predicated on the special education due process decision issued by the California Office of Administrative Hearings ("OAH") in June 2007 (attached to the Complaint as Exhibit A), in which OAH found in favor of the District and against Plaintiffs, on all issues heard and decided. (*See* Compl. at 9, ¶ 28, 11, ¶ 43, Ex. A.) Plaintiffs assert their First Claim against all defendants, including the District, Board, Individual Defendants. (Compl. at 9:4.)

Plaintiffs' Second claim for relief ("Second Claim") is raised under section 1983 and predicated on alleged violations of the IDEA. (Compl. at 12:13-14.) Count One of the Second Claim is raised against the State Superintendent and the Individual Defendants in their official capacities for injunctive relief. (Compl. at 12:15-16.) Count Two of the Second Claim is raised against the Individual Defendants in their individual capacities for monetary damages. (Compl. at 13:21–14:10.)

Plaintiffs' Third claim for relief ("Third Claim") is under section 504. (Comp. at 14:12-14.) The Third Claim is raised against all defendants, including the District, the Board, and the Individual

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

Defendants. (Compl. at 14:13-14.) Plaintiffs allege in the Third Claim that they suffered from discrimination (and implicitly retaliation) under section 504 (Compl. at 14, ¶ 58), and seek remedies in the form of punitive damages (Compl. at 14-15, ¶ 59) and all other available remedies under section 504 (Compl. at 15, ¶ 60).

Plaintiffs' Fourth claim for relief ("Fourth Claim") mirrors their Third Claim, except that Plaintiffs attempt to predicate this claim under section 1983 for violations of section 504. (Compl. at 15:11–17:13.) Count One of the Fourth Claim is raised against the State Superintendent and the Individual Defendants in their official capacities for injunctive relief. (Compl. at 15:13-14.) Count Two of the Fourth Claim is raised against the Individual Defendants in their individual capacities for punitive and retrospective, compensatory monetary damages. (Compl. at 17:1-13.)

Plaintiffs' Complaint's Fifth claim for relief ("Fifth Claim") is asserted under section 1983 for alleged violations of Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (Compl. at 17:15-16.) Plaintiffs assert the Fifth Claim against the Individual Defendants in their individual capacities (Compl. at 17:15-16), and seek punitive damages for this alleged violations (Compl. at 18, ¶ 75).

As noted, Plaintiffs filed a similar complaint with this court in or around December 2005 in the case entitled *Pedraza v. Alameda Unified School District et al.*, Case No. C05-04977 VRW. On March 27, 2007, Chief Judge Vaughn Walker issued an Order in that case granting in part the District's and Individual Defendants Motion to Dismiss numerous claims that parallel those raised in Plaintiffs' Complaint here.

The District was constructively served with the Complaint when Linda Pedraza served the District with a petition filed in Alameda County Superior Court to which the instant Complaint was attached as an exhibit. The District subsequently removed the state court action to this Court, where the action is entitled *M.P. v. Office of Administrative Hearings et al.*, Case No. C07-05989 EMC. Further, the District filed both a Notice of Pendency of Other Actions regarding this case, Case No. *Pedraza v. Alameda Unified School District et al.*, Case No. C05-04977 VRW, and *M.P. v. Office of Administrative Hearings et al.*, Case No. C07-05989 EMC, and intends to file an Administrative Motion to Consider Whether Cases Should Be Related.

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

**GOVERNING LAW UNDER RULE 12**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint filed in federal court. (*Ileto v. Glock Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003).) In other words, a motion to dismiss under Rule 12(b)(6) requires a determination of whether the facts alleged in a complaint, if proven, would or could support a claim for relief. (*Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).) Dismissal of a claim or claims for relief pursuant to such a motion is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).) As such, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. (*Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).) When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. (*Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).) However, the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." (*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).)

///

///

///

///

///

///

///

///

///

///

///

///

**ARGUMENT**

**I. THIS COURT SHOULD DISMISS ALL INDIVIDUAL DEFENDANTS FROM PLAINTIFFS' FIRST CLAIM BECAUSE THEY ARE IMPROPER DEFENDANTS IN A CIVIL ACTION UNDER THE IDEA.**

The IDEA obligates California and other states to implement special education programs consistent with its requirements in order to receive federal financial assistance. (20 U.S.C. § 1412.) A local educational agency ("LEA") within California, such as the District, is eligible for financial assistance under IDEA if "such agency submits a plan to the State educational agency" that the LEA meets certain conditions set forth within the IDEA. (20 U.S.C. § 1413(a).) Under IDEA:

> The term "local educational agency" means a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or for such combination of school districts or counties as are recognized in a State as an administrative agency for its public elementary schools or secondary schools.

(20 U.S.C. § 1401(19)(A).)

As such, the District must offer a free appropriate public education ("FAPE") to qualified students, such as M.P., by developing an individualized education program ("IEP") for each special education student on at least an annual basis. (20 U.S.C. §§ 1401(8)(D), 1412(a)(1)(A), (a)(4), 1414(d); 34 C.F.R. § 300.346.) All of the IDEA's substantive and procedural requirements, including the provision of a FAPE, the appropriate assessment of children with disabilities like M.P., and the appropriate development, revision, and implementation of IEPs, adhere to a single entity for purposes of implementation: the LEA, i.e., the District. The District, as opposed to the Individual Defendants, is likewise the entity that may initiate or be subject to an impartial due process hearing complaint under the IDEA. (*See* 20 U.S.C. § 1415(b)(6)(A)-(B), (f)(1)(A).) Finally, it is the LEA that bears responsibility for the IDEA's remedies (e.g., compensatory education, reimbursement, and attorneys' fees and costs). (*See Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1496-97 (9th Cir. 1994) (discussing equitable remedies available against school district for violations of IDEA); 20 U.S.C. § 1412(a)(10)(C)(ii) (court or hearing officer may require agency to reimburse parents for cost of that enrollment); 20 U.S.C. 1415 § (i)(3)(B) (award of attorneys' fees and costs to prevailing parent, State educational agency, or LEA).)

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

Under the above-described statutory structure, the Individual Defendants cannot be named in Plaintiffs' First Claim. First, any party aggrieved by a due process hearing decision "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." (20 U.S.C. § 1415(i)(2)(A).) Here, Plaintiffs' First Claim asserts a cause of action under the IDEA, presumably based on the alleged fact that Plaintiffs' are aggrieved by the OAH's June 2007 due process decision in which the District prevailed and the Plaintiffs lost on all issues heard and decided. (Compl., Ex. A.) The District is the only adverse party named by Plaintiffs or involved in the underlying special education due process decision. (Compl., Ex. A at 1.) To the extent Plaintiffs have any viable claims for relief or sought-after remedies arising from the June 2007 due process decision under the IDEA, the District is the only proper party under a civil action appealing the due process decision under the IDEA, 20 U.S.C. § 1415(i)(2)(A).

Second, as noted, only the District carries the responsibility and/or capability to provide the Plaintiffs the remedies available under the IDEA. The IDEA neither states nor intimates that the employees or officers of LEAs may bear individual responsibility based on alleged failure to adhere to the IDEA. The few courts forced to examine whether individual liability may be derived from an alleged violation of the IDEA have recognized that the IDEA does not permit any form of monetary relief (e.g., compensatory education, reimbursement, or damages) against individual defendants. (*Blanchard v. Morton Sch. Dist.*, 2006 WL 2459167, at p. *22 (W.D. Wash. Aug. 25, 2006) (individual defendants "may not be sued in their individual capacities under . . . the IDEA because . . ." the statute does not provide for individual liability) (citing *Blanchard v. Morton Sch. Dist.*, 2006 WL 1075222, at p. *4 (W.D. Wash. Apr. 20, 2006) (slip op.); *C.O. v. Portland Pub. Sch.*, 406 F.Supp.2d 1157, 1172 (D. Or. 2005); *Becker v. Oregon*, 170 F.Supp.2d 1061, 1066-67 (D. Or. 2001); *accord Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 35 (1st Cir. 2006) (no claim for monetary relief can be stated against individual defendants under IDEA); *Bradley v. Ark. Dept. of Educ.*, 301 F.3d 952, 957, fn. 6 (8th Cir. 2002) (IDEA is devoid of textual support to support award of expenses against individual defendants); *Grzan v. Charter Hosp. of Northwest Ind.*, 104 F.3d 116, 120 (7th Cir.1997).)

///

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

A contrary holding, i.e., that the Individual Defendants can be named in a civil action under the IDEA, will necessarily imply that Individual Defendants could have and should have been named as respondents in their individual capacities in the underlying due process hearing and resulting decision in the consolidated OAH Case No. N2006090010, Case No. N2006100365, Case No. N200100740. Plaintiffs did not name Individual Defendants as respondents in their individual capacities in OAH Case No. N2006090010, Case No. N2006100365, or Case No. N200100740. Consequently, even were this Court to conclude that the IDEA permits individual liability, Plaintiffs' First Claim must nevertheless be dismissed as against Individual Defendants for lack of subject matter jurisdiction due to Plaintiffs' failure to exhaust administrative remedies in regard to Individual Defendants. (*Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1167-69 (9th Cir. 2007) (discussing IDEA exhaustion of administrative procedures and remedies prior to filing a complaint based on any claims or allegations for which the IDEA may provide any or some degree of redress, whether or not the IDEA provides for the specific remedies sought by a plaintiff); *Robb v. Bethel Sch. Dist.*, 308 F.3d 1047, 1049 (9th Cir. 2002) (plaintiff cannot avoid the IDEA's exhaustion requirement merely by limiting a prayer for relief to monetary damages).)

For each of the above-described reasons, collectively and individually, the Court should dismiss Plaintiffs' First Claim as against all Individual Defendants.

## II. THIS COURT SHOULD DISMISS PLAINTIFFS' FIRST CLAIM TO THE EXTENT PLAINTIFFS SEEK PUNITIVE AND/OR COMPENSATORY DAMAGES BECAUSE SUCH DAMAGES ARE UNAVAILABLE UNDER THE IDEA.

As noted, Plaintiffs' First Claim is raised under the IDEA. (Compl. at 11:3-4, 11:3–12:11.) In Plaintiffs' First Claim, Plaintiffs expressly seek punitive damages (Compl. at 11, ¶ 40), and implied seek compensatory damages (Compl. at 11, ¶ 42 [discussing abrogation of Eleventh Amendment immunity relevant to suit for damages]), for the alleged violations of their rights under the IDEA. Plaintiffs' requested relief is inappropriate and unavailable under the IDEA.

The purpose of the IDEA is to provide a FAPE to children with disabilities—not to provide students and parents with a tort-like claim for educational malpractice. (*Reid v. Petaluma Joint Union High Sch. Dist.*, 2000 WL 1229059, at p. *3 (N.D. Cal. Aug. 21, 2000) (quoting *Sellers v. Sch. Bd.*, 141

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

F.3d 524, 527 (4th Cir. 1998), *cert denied*, 525 U.S. 871 (1998)).) As the Supreme Court has stated on multiple occasions, to ensure the goal of a FAPE, Congress provided parents with a panoply of procedural safeguards designed to involve the parents and school district in guaranteeing a FAPE for the student in question. (*See Sch. Comm. of Burlington v. Dept. of Educ.*, 471 U.S. 359, 368 (1985); *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982).) Therefore, the Supreme Court has held that by "empowering the court to grant 'appropriate' relief Congress meant to include retroactive reimbursement to parents . . . payment of expenses that [the school district] should have paid all along, . . . [and] special educational services." (*Sellers*, 141 F.3d at 527 (quoting *Burlington*, 471 U.S. at 370-71, 367-68).) These types of awards are consistent with the goals of IDEA; they are "part and parcel" of a FAPE to which the student is entitled. (*Id.*)

In approving the above remedies in *Burlington*, the Supreme Court went out of its way to emphasize that reimbursement of costs, like tuition, ***should not*** be characterized as "damages." (*Burlington*, 471 U.S. at 370.) As one federal appellate court noted in applying *Burlington*, the IDEA permits reimbursement, but it did "not create a private cause of action for damages for educational malpractice." (*Hall by Hall v. Vance County Bd. of Educ.*, 774 F.2d 629, 633 n.3 (4th Cir. 1985); *see also Sellers*, 141 F.3d at 526; *Reid*, 2000 WL 1229059, at p. *2.) Compensatory or punitive damages would transform the IDEA into a tort claim for injuries caused by a lack of a FAPE, which would be in direct conflict of the structure of the statute, "which so strongly favors the provision of and, where appropriate, the restoration of educational rights." (*Sellers*, 141 F.3d at 527.)

Further, when Congress attaches conditions to a State's acceptance of federal funds (e.g., the IDEA's requirements), the conditions must be clearly set forth. (*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 126 S.Ct. 2455, 2458-63 (2006) (no expert fees under IDEA because statute did not clearly provide for their recovery).) There is no language in the IDEA clearly providing that damages of any type are recoverable under IDEA. Pursuant to the binding precedent of *Arlington*, damages are therefore unavailable under IDEA.

Finally, Ninth Circuit law, consistent with the above authority, squarely holds that monetary damages, compensatory or punitive, is not available in a civil action under the IDEA. (*Blanchard v. Morton School District*, 504 F.3d 771, 773 (9th Cir. 2007) ("We have held that money damages are not

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

available under the IDEA for the pain and suffering of a disabled child.") (citations omitted); *Blanchard v. Morton Sch. Dist.*, 410 F.3d 918, 921 (9th Cir. 2005) ("Money damages for retrospective and non-educational injuries are not available under the IDEA."); *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1275 (9th Cir. 1999) ("Plaintiff seeks only monetary damages, which is not 'relief that is available under' the IDEA . . ."); *Alex G. v. Bd. of Trustees*, 332 F.Supp.2d 1315, 1319 (E.D. Cal. 2005) ("and, most importantly, general compensatory damages are unavailable [under the IDEA].") (citation omitted); *see also Taylor v. Honig*, 910 F.2d 627, 628 (9th Cir. 1990); *Mountain View-Los Altos Union High Sch. Dist. v. Sharron B.H.*, 709 F.2d 28, 30 (9th Cir. 1983) .) These decisions correspond with the view of federal appellate courts across the nation. (*E.g.*, *Sellers*, 141 F.3d at 527-528; *Charlie F. v. Bd. of Educ.*, 98 F.3d 989, 991 (7th Cir. 1996) (compensatory damages unavailable); *Heidemann v. Rother*, 84 F.3d 1021, 1033 (8th Cir. 1996) (general or punitive damages unavailable); *Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 980 F.2d 382, 386-87 (6th Cir. 1992) (compensatory or punitive damages unavailable); *Manecke v. School Bd.*, 762 F.2d 912, 915 n.2 (11th Cir 1985).)

Consequently, this Court should dismiss Plaintiffs' First Claim to the extent Plaintiffs seek monetary damages (compensatory or punitive) under the IDEA.

## III. THIS COURT SHOULD DISMISS PLAINTIFFS' SECOND CLAIM IN ITS ENTIRETY BECAUSE PLAINTIFFS CANNOT PREDICATE A SECTION 1983 CLAIM ON ALLEGED IDEA VIOLATIONS.

A federal statutory right may be enforced through section 1983 if: "(1) Congress intended the provision to benefit the plaintiff; (2) the right is not overly 'vague and amorphous'; and (3) the statute unambiguously imposes a binding obligation on the states." (*Alex G.*, 332 F.Supp.2d at 1317 (citing *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997)).) Yet, even if these requirements are met, section 1983 will not provide an enforcement mechanism for a federal statutory right if Congress has demonstrated a contrary intent. (*Id.* (citing *Blessing*, 520 U.S. at 341).) Congress does not intend for a federal statutory right to be enforced through section 1983 if the right is part of a "comprehensive enforcement scheme that is incompatible with individual enforcement under [section] 1983." (*Id.* (citation omitted).)

///

Lozano Smith
2000 Crow Canyon Place, Suite 200 San Ramon, CA 94583-1344
Tel 925-302-2000 Fax 925-302-2010

Recently, the Ninth Circuit Court of Appeals, in *Blanchard v. Morton School District*, 504 F.3d 771, 774-75 (9th Cir. 2007), joined "the First, Third, Fourth, and Tenth Circuits . . ." to "hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA." The Ninth Circuit's 2007 ruling in *Blanchard* is consistent with the decisions the Ninth Circuit district courts such as *Alex G.*, 332 F.Supp.2d at 1317-19 (citing and discussing *Dept. of Educ. v. Katherine D.*, 727 F.2d 809, 820 (9th Cir. 1983)), as well as this Court's decision in *Pedraza v. Alameda Unified School District*, 2007 WL 949603, at p. * 9 (N.D. Cal. Mar. 27, 2007), involving the same parties as this case, and forecloses the viability of section 1983/IDEA claims in the Ninth Circuit. (*E.g.*, *Russell v. Dept. of Educ.*, 2007 WL 2915616, at p. *4 (D. Haw. Oct. 2, 2007) (slip op.) (citing *Blanchard*, 504 F.3d 771.) As a result, Plaintiffs' Second Claim is not viable and there is no question that this Court should dismiss it in full.[2]

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

## IV. THIS COURT SHOULD DISMISS THE INDIVIDUAL DEFENDANTS FROM PLAINTIFFS' THIRD CLAIM BECAUSE SECTION 504 DOES NOT PROVIDE FOR LIABILITY AGAINST INDIVIDUALS.

Plaintiffs' Third Claim is based on section 504. (Compl. at 14:12-14; *see also* 29 U.S.C. §§ 794, 794a; 34 C.F.R. §§ 100.7(e), 104.61.) Plaintiffs allege that all of the defendants discriminated against them under section 504. (Compl. at 14-15, ¶¶ 58-59.) However, Plaintiffs inappropriately state their Third Claim against the Individual Defendants, who are not viable defendants under section 504.

In order for Plaintiffs to establish the basic *prima facie* case for discrimination under section 504 they must show that: (1) M.P. is disabled under section 504; (2) M.P. is otherwise qualified to participate in the District's program; (3) he has been subject to discrimination by the relevant defendants solely because of his disability; and (4) *the relevant defendants are recipients of federal funding*. (*See* 29 U.S.C. § 794(a); 34 C.F.R. § 104.4(a); *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 816 (9th Cir.

---

[2] Even if a section 1983 claim based on the IDEA was viable, Plaintiffs could not maintain such a claim against the District, Board, or Individual Defendants in their official capacities because of Eleventh Amendment immunity and because such parties are not "persons" for purposes of section 1983. (*Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 n.4 (9th Cir. 2000) (citing *Belanger v. Madera*, 963 F.2d 248, 251-54 (9th Cir. 1992) and *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)); *Burges v. Carmichael*, 37 Fed.Appx. 288, 292-93 (9th Cir. 2002); *Marcotte v. Monroe Corrections Complex*, 394 F.Supp.2d 1289, 1294-95 (W.D. Wash. 2005) (citations omitted).)

1999); *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999).) For purposes of section 504 retaliation, 29 U.S.C. section 794a incorporates the remedies available under Title IV of the Civil Rights Act of 1964 for individuals "aggrieved by any act or failure to act by any recipient of Federal assistance" under section 504. (29 U.S.C. § 794a(a)(2); *see* 34 C.F.R. § 104.61.) These remedies include a remedy for alleged retaliation. (34 C.F.R. § 100.7(e); *see Rafferty v. Cranston Pub. Sch. Comm.*, 315 F.3d 21, 27-28 & n.6 (1st Cir. 2002).)

Thus, a proper defendant under section 504, whether a claim is based on discrimination or retaliation, must be a "recipient of federal funds." (*See* 29 U.S.C. §§ 794(a), 794a(a)(2).) Among the "program[s] and activit[ies]" that can constitute a recipient of federal funds under section 504 is a "local education agency." (*Id.* § 794(b).) However, individual school officials are not identified. (*See id.*)

As a result, in near uniformity, federal courts have held that individual defendants cannot be sued in their personal capacities under section 504 because they are not programs or activities receiving federal funds.[3] Courts within the Ninth Circuit are aligned with this majority view and hold that individual defendants are not viable parties under a cause of action predicated on section 504. (*Doe ex rel. Doe v. State of Haw. Dept. of Educ.*, 351 F.Supp.2d 998, 1010-11 (D. Haw. 2004) (education case relying on reasoning in *Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002)); *Blanchard*, 2006 WL 1075222, at p. *4 ("Neither the ADA or Rehabilitation Act [section 504] provide for liability against defendants sued in their individual capacity.") (citations omitted); *see also Parks v. California*, 2006 WL 3097965, at p. *9 (E.D. Cal. Oct. 31, 2006); *C.O.*, 406 F.Supp.2d at 1172; *Becker*, 170 F.Supp.2d at 1067 (prison case).)

[3] (*Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (education case); *Garcia v. S.U.N.Y. Health Sciences Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001) (education case); *Haler v. Brown*, 177 F.3d 542, 545-56 (6th Cir. 1999) (employment retaliation case); *Grzan*, 104 F.3d at 120 (hospital case); *P.N. & G.N. v. Greco*, 282 F.Supp.2d 221, 241 (D.N.J. 2003) (education case); *Mitchell v. Mass. Dept. of Correction*, 190 F.Supp.2d 204, 213 (D. Mass. 2002) (prison case); *Ortiz v. Fajardo*, 133 F.Supp.2d 143, 150 (D.P.R. 2001) (employment case); *Calloway v. Boro of Glassboro Dept. of Police*, 89 F.Supp.2d 543, 556-57 (D.N.J. 2000) (police interrogation case); *Yeskey v. Commonwealth of Pa.*, 76 F.Supp.2d 572, 574-75 (M.D. Pa. 1999) (prison case); *Bracey v. Buchanan*, 55 F.Supp.2d 416, 420 (E.D. Va. 1999) (education case); *Montez v. Romer*, 32 F.Supp.2d 1235, 1240-41 (D. Col. 1999) (prison case); *Huck v. Mega Nursing Servs., Inc.*, 989 F.Supp.1462, 1464 (S.D. Fla. 1997) (employment case); *Lane v. Maryhaven Ctr. of Hope*, 944 F.Supp. 158, 164-65 (E.D.N.Y. 1996) (employment case).)

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

Here, Plaintiffs' Third Claim is asserted against all defendants. (Compl. at 14:13-14.) While not conceding the point, the District and the Board are arguably recipients of federal funds. However, under the above-described authority, the *Individual Defendants are not recipients of federal funds* for purposes of section 504. Additionally, nowhere in Plaintiffs' Complaint are there allegations to support the proposition that the Individual Defendants are recipients of federal funds. (*See* Compl. at 4:8–6:3, 14:12–15:10.) As such, the Court should dismiss Plaintiffs' Third Claim as it pertains to all Individual Defendants.

## V. PLAINTIFFS' REQUESTED PUNITIVE DAMAGES UNDER SECTION 504 AND THEIR THIRD CLAIM MUST BE DISMISSED, AS SUCH DAMAGES ARE UNAVAILABLE UNDER SECTION 504.

Plaintiffs request punitive damages under their Third Claim for alleged violations of section 504. However, in *Barnes v. Gorman*, 536 U.S. 181, 187-89 (2002), the Supreme Court held that punitive damages are unavailable under section 504: "Because punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under [section] 202 of the ADA and [section] 504 of the Rehabilitation Act." (*Gorman*, 536 U.S. at 189.) Courts in the Ninth Circuit have obviously followed the *Gorman* ruling. (*E.g.*, *Lovell v. Chandler*, 303 F.3d 1039, 1048 n.3 (9th Cir. 2002); *Doe*, 351 F.Supp.2d at 1019; *see also Pedraza*, 2007 WL 949603, at p. *11.) Consequently, Plaintiffs' are barred from obtaining punitive damages under section 504, and such relief should be dismissed from Plaintiffs' Third Claim.

## VI. THIS COURT SHOULD DISMISS PLAINTIFFS' FOURTH CLAIM IN ITS ENTIRETY BECAUSE PLAINTIFFS CANNOT PREDICATE A SECTION 1983 CLAIM ON ALLEGED SECTION 504 VIOLATIONS.

Plaintiffs' Fourth Claim rests on section 1983 and alleged violations of their rights under section 504. (Compl. at 15:11-12.) The Fourth Claim is not viable as a matter of law.

The same rule of law that prohibits Plaintiffs from using section 1983 as a vehicle to address their alleged injuries under the IDEA prohibits Plaintiffs from using section 1983 as a vehicle to enforce their alleged rights under section 504. Just as with the IDEA, through section 504, "Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

comprehensive remedial scheme." (*Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995) (citing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990)).) Due to the comprehensive remedial structure of section 504, Plaintiffs may not vindicate rights created by section 504 through a section 1983 action. (*Vinson*, 288 F.3d at 1156; *Doe*, 351 F.Supp.2d at 1010-1011; *see also Chavez v. County of San Diego*, 127 Fed. Appx. 335, 336 (9th Cir. 2005); *Eason v. Clark County Sch. Dist.*, 303 F.3d 1137, 1145 (9th Cir. 2002); *Gary v. Hawthron*, 2007 WL 2781098, at p. *4 (S.D. Cal. Sept. 19, 2007).) As it has previously ruled regarding Plaintiffs' prior similar claim, this Court should dismiss Plaintiffs' Fourth Claim in its entirety. (*Pedraza*, 2007 WL 949603, at pp. *8-9; *see also* footnote 2, *supra* (which supplements equally the District's, Board's, and Individual Defendants' Part VI argument).)

**CONCLUSION**

For the foregoing reasons, the District, Board, and Individual Defendants request that this Court grant their Motion and dismiss Plaintiffs' Second and Fourth Claims in full, the Individual Defendants from Plaintiffs' First and Third Claims, Plaintiffs' request for monetary damages under their First Claim, and Plaintiffs' request for Punitive Damages under their Third Claim.

Dated: December 5, 2007

Respectfully submitted,

LOZANO SMITH

[signature]

GREGORY A. WEDNER
SLOAN R. SIMMONS
Attorneys for Defendants
ALAMEDA UNIFIED SCHOOL DISTRICT,
ALAMEDA UNIFIED SCHOOL DISTRICT
BOARD OF EDUCATION,
ALAN NISHINO,
ARDELLA DAILEY,
DAVID WAX, and
THERESA ANDERBERG

Q:\RAM_DOCS\00002\066\pld\SR053730.WPD

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

Gregory A. Wedner, SBN 067965
Sloan R. Simmons, SBN 233752
**LOZANO SMITH**
899 Northgate Drive, Suite 200
San Rafael, CA 94903-3666
Telephone: (415) 459-3008
Facsimile (415) 456-3826

Attorneys for Defendants
ALAMEDA UNIFIED SCHOOL DISTRICT,
ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION,
ALAN NISHINO, ARDELLA DAILEY,
DAVID WAX, and THERESA ANDERBERG

LOZANO SMITH
899 NORTHGATE DRIVE, SUITE 200 SAN RAFAEL, CA 94903-3666
TEL 415-459-3008 FAX 415-456-3826

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LINDA PEDRAZA and FRANCISCO PEDRAZA, individually and on behalf of their son MICHAEL PEDRAZA,

Plaintiffs,

v.

ALAMEDA UNIFIED SCHOOL DISTRICT, and THE CALIFORNIA DEPARTMENT OF EDUCATION, THE ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, ALAN NISHINO, individually and as Superintendent of the Alameda Unified School District, ARDELLA DAILEY, as Superintendent of the Alameda Unified School District, DAVID WAX, individually and as Special Education Director of the Alameda Unified School District, THERESA ANDERBERG, as Special Education Director of the Alameda Unified School District, CALIFORNIA DEPARTMENT OF EDUCATION and JACK O'CONNELL, as State Superintendent of Public Instruction for the State of California,

Defendants.

CASE NO. 3:07-cv-04781-MEJ

**[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS**

COPY

///

///

///

The Motion of Defendants Alameda Unified School District ("District"), Alameda Unified School District Board of Education ("Board"), Alan Nishino, Ardella Dailey, David Wax, and Theresa Anderberg ("Individual Defendants") (collectively "Defendants") for dismissal came on regularly for hearing before this Court on January 10, 2008, at 10:00 a.m., in Room B, 15th Floor, and Gregory A. Wedner, Esq., of Lozano Smith appeared and argued as attorney for Defendants, and Vernon C. Goins II, Esq., of Taylor, Goins, and Stallworth appeared and argued for Plaintiffs Linda Pedraza and Francisco Pedraza, individually and on behalf of their son M.P.

After considering the moving, opposition, and reply papers, arguments of counsel and all other matters presented to the Court, IT IS HEREBY ORDERED THAT the motion is GRANTED and [the [Second] and [Fourth] claims for relief in Plaintiffs' Complaint are hereby dismissed]; [the individual defendants Alan Nishino, Ardella Dailey, David Wax, and Theresa Anderberg are hereby dismissed from the [First] and [Third] claim[s] for relief in Plaintiffs' Complaint]; and [Plaintiffs' requested relief of [punitive and compensatory monetary damages in the First claim for relief in Plaintiffs' Complaint] and [punitive monetary damages in the Third claim for relief in Plaintiffs' Complaint] are hereby dismissed].

Dated: ____________ ____, 200___

_____________________________
The Honorable Maria-Elena James
UNITED STATES MAGISTRATE JUDGE

LOZANO SMITH
899 NORTHGATE DRIVE, SUITE 200 SAN RAFAEL, CA 94903-3666
TEL 415-459-3008 FAX 415-456-3826

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LINDA PEDRAZA, et al.
Plaintiff(s),

vs.

ALAMEDA UNIFIED SCHOOL DISTRICT, and the CALIFORNIA DEPARTMENT OF EDUCATION, et al.
Defendant(s).
_____________________________/

No. C07-04781MEJ

**CONSENT TO ASSIGNMENT OR REQUEST FOR REASSIGNMENT**

COPY

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 18 U.S.C. § 636(c), the undersigned party hereby consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of final judgment, and voluntarily waives the right to proceed before a United States District Judge.

Dated: December 5, 2007

LOZANO SMITH

Signed by: [signature]

Counsel for: ALAMEDA UNIFIED SCHOOL DISTRICT and ALL OTHER NAMED AUSD DEFENDANTS

**REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: ____________________ Signed by: ____________________

Counsel for: ____________________

United States District Court
For the Northern District of California

# *TAYLOR, GOINS & STALLWORTH LLP*

*1330 Broadway, Suite 1701*
*Oakland, Ca 94612*

*Phone: 510.893.9465*
*Fax: 510.893.4228*

December 7, 2007

**VIA U.S. MAIL**

Linda Pedraza
22 Souza Court
Alameda CA 94502

Re: *Pedraza v. AUSD*
*Case No. 07-cv-04781 MEJ*

Dear Mrs. Pedraza:

Enclosed, please find the following document(s):

1) **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS AND DEFENDANTS IN THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT**
2) **[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS**
3) **CONSDENT TO ASSIGNMENT OR REQUEST FOR REASSIGNMENT**
4) **NOTICE OF ERRATA TO MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS AND DEFENDANTS IN THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT**

(X) Please review and keep for your records.
( ) Check enclosed.
( ) Please sign and date where indicated and return to this office as soon as possible.
( ) Should you require anything further, please do not hesitate to contact this office.

Very truly yours,

TAYLOR, GOINS & STALLWORTH LLP

Erika Casady
Assistant to Vernon C. Goins

Encl.

**PROOF OF SERVICE**

I CARLVIN JUSTICE declare that I am over the age of eighteen years and not a party to the within action.

My business address is:

1414 62ND ST

EMERYVILLE CA. 94608

On the date below, I served the following document(s):

**Plaintiffs Notice of Failure to Respond and Statement of Nonopposition**

On each interested party in said cause as indicated below:

X (by U.S. Mail ) I caused a copy of said pleadings to be sent by U.S. mail to the parties listed below:

Vernon C. Goins
LAW OFFICES OF TAYLOR, GOINS, & STALLWORTH LLP
1330 Broadway, Suite 1701
Oakland, CA 94612

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 11, 2008 in the county of Alameda.

[signature]
First and Last Name