RECEIVED

08 JUL 24 PH 2:17

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MR.& MRS. FRANCISCO PEDRAZA
22 SOUZA COURT
ALAMEDA,CA. 94502
(510)522-9232


LINDA PEDRAZA, AS CO-PLAINTIFF
AND ON BEHALF OF MICHAEL PEDRAZA


UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| PEDRAZA et al, | CASE NO. C07-05989VRW |
| | C07-04781VRW |
| Plaintiff | C05-04977VRW |
| | PLAINTIFF'S NOTICE OF |
| vs. | SUPPLEMENTAL COMPLAINT |
| | FACTUAL ALLEGATIONS AND |
| | CLAIMS |
| ALAMEDA UNIFIED SCHOOL DISTRICT | |
| et al, | |
|       Defendants | |

_____)

1

1   Linda Pedraza herein after "Co-Plaintiff" hereby respectfully

2   submits the following supplement to the above entitled action pursuant to

    Civ.L.R. 7-3(d)

3   **I. INTRODUCTION**

4   Co-Plaintiff seeks to supplement the aforementioned actions with the

5   following facts as they relate to the allegations improperly plead by

6   former counsel, Mr. Goins.

7   **II. FACTUAL SUMMARY**

8   On or about December 11, 2007 Co-Plaintiff moved to dismiss Mr.

9   Goins as counsel and moved to strike the pleadings in C07-04781MEJ now

    C05-04977VRW. On or about December 13, 2007 an order was issued rendering

10  the captioned cases and actions as related. On or about December 19, 2007

11  Co-Plaintiff submitted a reconsideration of the order relating and

12  subsequently consolidating the cases.

13  On or about December 26, 2007 Co-Plaintiff filed an opposition on

14  the motions and declaration of Mr. Goins December 18, 2007 motion to

15  withdraw, Co-Plaintiff also filed at this time an order to show cause for

16  why Mr. Goins should not be held accountable for his attorney negligence.

17  On or about February 14, 2008 a hearing was convened reportedly to

18  discuss Mr. Goins negligence, attorney misconduct and failure to respond

    to the order to show cause for why he should not be held accountable for

19  his attorney misconduct. Mr. Goins negligence and failure to respond to

20  Co-Plaintiffs show cause order was not addressed by the court.

21  On or about February 19, 2008 an order was issued on the show cause

22  hearing which required Co-Plaintiff to show cause in writing on or before

23  April 30, 2008 to determine if the action should not be dismissed without

24  prejudice for absence of counsel. On or about April 17, 2008 Co-Plaintiff

    filed a "motion to intervene" pursuant to **FRCP 24**.

25

2

On or about June 3, 2008 an order was issued informing Co-Plaintiff that the court would treat the April 17, 2008 motion of Co-Plaintiff as a response to its February show cause order, and a hearing was scheduled for July 10, 2008 at 2:30 p.m. The Defendants were advised to respond with and an opposition on or before the 19th of June.

On or about June 19, 2008 the Defendants filed a "motion to dismiss" disguised as an opposition to Co-Plaintiffs motion to intervene. Co-Plaintiff responded with an opposition and a motion for substitution of judge as a matter of right on or about June 27, 2008. On or about July 22 2008 Co-Plaintiff file a statement of objection to the June 10, 2008 hearing and moved for the assignment of a new judge.

Co-Plaintiff at this time provides this court with supplemental information relating to the factual allegations and claims of Co-Plaintiff and her minor child in the above entitled action.

### III. **FACTUAL ALLEGATIONS**

Michael Pedraza, herein after, "Plaintiff" and his parents herein after "Co-Plaintiff" participated on or about October 23, 2002 in the individual education plan (IEP) team meeting with staff members of the AUSD. See 20 U.S. C. §1414(d) Co-Plaintiff disagreed that the AUSD's offer of placement and related services was a FAPE for the Student.

On or about June 27, 2003, Co-Plaintiff initiated a due process proceeding on behalf of her and Plaintiff pursuant to 20 U.S.C. §1415 and the California Education Code §56500 et seq. which was commenced through the California Special Education Hearing Office (SEHO) in an action entitled Michael Pedraza v. Alameda Unified School District, case number SN03-01426.

3

On or about July 25, 2003, the Plaintiffs and AUSD entered into a settlement agreement to resolve the issues raised by the Plaintiffs' in the SEHO case.

The settlement agreement contained specific terms that the services to be provided by AUSD in the settlement agreement would constitute a FAPE. The agreement also included a term stating: "A breach of any of the provisions of this Agreement shall be considered a breach of the whole Agreement and the breaching party shall forfeit all consideration promised or received under the terms of this agreement." (See Exhibit 1 attached herewith)

The AUSD breached the settlement agreement for failure to implement the services promised as found in the California Department of Education investigation. Omissions that constituted a breach of the settlement and a denial of FAPE to Plaintiffs included but were not limited to the AUSD's failure to timely reimburse Plaintiff for educational and related services due under the settlement agreement in bad faith, failure to contract directly with service providers as required in order to provide the agreed upon services, and failure to provide a FAPE as agreed pursuant to the settlement agreement.

The AUSD failure to provide Plaintiff with services, contracts with service providers, and to timely reimburse Co-Plaintiff pursuant to the settlement agreement was done with conscious disregard to the consequences to Plaintiffs being denied a FAPE.

On or about May 10 2004, upon reconsideration of Co-Plaintiff, the CDE found the District was "out of compliance" regarding several substantial provisions of the settlement Agreement. (See Exhibit 2 attached herewith)

4

The CDE ordered the AUSD to convene an individual education plan(IEP) to assess Plaintiff's needs and document consideration of compensatory services for Plaintiff, and either reach an agreement with the Plaintiffs, or initiate a request for Due Process prior to July 15, 2004. (See Exhibit 2, p. 6)

An IEP meeting was held  but no discussion or agreement upon compensatory services or resolution for the AUSD's breach of the settlement agreement took place.  Nonetheless, the AUSD did not comply with the CDE order.

On or about November 15, 2004, Co-Plaintiff notified the CDE that the AUSD had not complied with the CDE order and that the AUSD and Plaintiffs had not resolved the issues including denial of services, compensatory services and reimbursement.  Plaintiffs requested the CDE further investigate the AUSD non-compliance with the CDE order.  The CDE did nothing to redress the matter and subsequently closed the case.

On or about August 18, 2005, the Parents filed a complaint pursuant to 20 U.S.C. §1415 with the Office of Administrative Hearing-Special Education Division alleging that the AUSD denied Plaintiff a FAPE during the 2003-2004  school year by failing to provide Plaintiff the services set forth in the settlement agreement.

Upon a motion by AUSD, administrative law judge herein after "ALJ", Richard Clark dismissed Plaintiffs claims regarding the 2003-2004 school year, finding that the OAH-SED lacked subject matter jurisdiction over the claims because the parties had executed a settlement agreement.

The ALJ refused to consider whether the District's breach of the agreement and corresponding  failure  to deliver agreed-upon educational and related services denied Plaintiff a FAPE and did not address the terms of the agreement that would render it unenforceable.

1    Pursuant to 20 U.S.C. 1415(e) Plaintiffs' are "aggrieved parties"

2    pursuant to a decision and order issued by an ALJ for the OAH-SED as the

3    designee of the CDE to fulfill federal statutory obligations under state

4    and federal law.    The ALJ erred as a matter of law when he dismissed

5    Plaintiffs IDEA claims and that the AUSD denied Plaintiff a FAPE for the

6    2003-2004 school years by breaching the settlement agreement and failing

7    to provide the services and considerations promised.    Plaintiffs are

8    further aggrieved that the ALJ order denies them the right to prove that

9    the AUSD breached the settlement agreement and thereby denies Plaintiffs a

10   FAPE and the right to recover attorney fees as a prevailing party for the

     AUSD's breach of the agreement and corresponding denial of FAPE to

     Plaintiffs.

11       Subsequent to this time the AUSD and the State Defendants have

12   engaged in acts and a campaign of harassment and retaliation for Co-

13   Plaintiff seeking redress and of these and other claims and for Co-

14   Plaintiffs active role as an advocate for her disabled minor child.    Such

15   acts include but are not limited to depriving Plaintiffs the opportunity

16   to take  advantage of the procedural safeguards which entitles Plaintiffs

17   to  an impartial due process hearing pursuant to *20 U.S.C. §1415(b)(2)* and

     for an impartial review on appeal *20 U.S.C. §1415(c)*.

18       The Local and State Defendants and the Individual Defendants  (in

19   their official capacity) and each of them (1) Denied student a FAPE which

20   he is entitled to under state and federal law (2) failed to comply with

21   the CDE compliance order which  entitled Plaintiff to a FAPE under state

22   and federal law (3) failed to ensure required content of the settlement

23   agreement which operated as Plaintiffs IEP

24

25

6

(4) Failed to adopt policies, procedures, and practices or take appropriate measures necessary to comply with the CDE order (5) Violated §1983 by virtue of their authority under the color of state law in their denial of Plaintiffs FAPE and by their refusal to comply with the CDE order. (6) In violation of §1983 the Defendants have acted in "bad faith" with intentional disregard of Plaintiff's right to a equal protection and substantive due process guaranteed by the United States Constitution by refusing to comply with the settlement agreement and conspiring to interfere with Plaintiffs civil rights §1985(2).    (7) Discriminated against Plaintiff based on his disability by denying him the benefits of a FAPE as promised in the 03-04 settlement agreement in violation of §1983 pursuant to Section 504 of the Rehabilitation Act of 1973 (8) Discriminated against Plaintiff and acted in "bad faith" by failing to adopt policies, and procedures, and practices, or take appropriate measures necessary for AUSD to comply with the CDE compliance order in violation of §1983 and Section 504 of the Rehabilitation Act 1973(9) Retaliated against Co-Plaintiff for her active role as an advocate for her disabled minor child's rights in violation of §1983 and Section 504 of the Rehabilitation Act of 1973 (10) have obstructed Plaintiffs right to an impartial hearing and review of such hearing by the removal of Plaintiffs Writ of Mandamus from state court to federal court in violation of state and federal law hence violating §1983 and the Section 504 of the Rehabilitation Act of 1973.

7

(11) As a direct and proximate result of the acts and omissions alleged in this Complaint, Plaintiff has suffered substantial education and developmental losses, causing a permanent decline in his future development, which adversely impacts his future earnings, and earnings potential, and which has resulted in pain and suffering, damage to his social development and interpersonal relations, in an amount subject to proof at trial. Such claims are based on violations of Plaintiffs constitutional rights.

(12) As a direct result of the acts and omissions alleged in this Complaint, Co-Plaintiff have incurred legal fees, and pain and suffering, and substantial expenses for Student's education, development and future support, and Co-Plaintiff has incurred lost wages, all in an amount subject to proof at trial. Hence, such claims are based on violation of the United State Constitution, in violation of Co-Plaintiffs constitutional rights. As a direct and proximate result of the act and omissions alleged in this complaint, Plaintiffs will continue to be damaged and suffer irreparable harm unless Defendants are enjoined.

Plaintiffs allege claims for (1) compensatory education and Injunctive Relief Under the IDEA, 20 U.S.C. §1400 et.seq., (2) Compensatory Education pursuant to the education code (3)Compensatory Damages, Punitive Damages and Injunctive Relief for Violation of 42 U.S.C. §1983 (3) Monetary Damages for violation of Section 504 of the Rehabilitation Act of 1973.

## PRAYER FOR RELIEF

Plaintiffs pray that this court:

1.      Declare that the Local Defendants and the Individual Defendants (in their official capacity) and each of them, have failed to comply with CDE compliance order and thereby violated state and federal law.

2.      Issue and injunction requiring the Local Defendants and the Individual Defendants, and each of them to provide Plaintiff with the current services which he is currently receiving at parental expense and any additional services deemed necessary and appropriate pursuant to his individual needs and their deprivation of A FAPE.

3.      Award additional appropriate compensatory education.

4.      Issue an injunction requiring the Local and State Defendants to adopt policies, procedures and practices, and take appropriate measures necessary to ensure that AUSD complies with written decisions and orders issued by the CDE including, but not limited to Hearing Office Orders in Plaintiffs case.

5.      Declare that Individual Defendants (in their individual capacity) have violated Plaintiffs rights under the IDEA; that the Individual Defendants are not entitled to "qualified immunity" as a result of their acts and omissions; and that the Individual Defendants are liable under Section 1983.

6.      Award compensatory damages according to proof.

7.      Award punitive damages according to proof.

9

8.      Declare that the Individual Defendants (in their individual capacity) have violated Plaintiffs rights under the United States Constitution; and are not entitled to "qualified immunity" as a result of their acts and omissions; and that the Individual Defendants are liable under Section 1983.

9.      Award compensatory damages according to proof.

10.     Award punitive damages according to proof.

11.     Declare that the local and state Defendants have acted with "bad faith," and deliberated indifference and thereby intentionally discriminated against Plaintiff based on his disability in violation of Section 504.

12.     Declare that the individual Defendants (in their individual capacity) and each of them have retaliated against Co-Plaintiff and have acted with "bad faith" as a result of her active role and advocacy for her disabled minor child in seeking redress for the Defendants violation of state and federal laws, and violation of Co-Plaintiffs right under the United State Constitution.

13.     Award compensatory damages according to proof.

14.     Award punitive damages according to proof.

15.     Award of  attorney's fees incurred in connection herewith

16.     For costs of suits and reasonable attorney's fees as authorized by law pursuant to 42 U.S.C. §1988, and 20 U.S.C. §1415 (i)(3).

17.     For such other and further relief as the Court deems just and proper.

1    Plaintiff incorporates these factual allegations as a supplement to
2  the complaint before this court and reserves the right to bring additional
   claims as warranted in this matter.
3    I declare under the penalty of perjury under the laws of the state
4  of California the foregoing statements to the best of my knowledge and
5  belief contains the relevant facts relating to our request and such facts
6  are true and correct.

7
       Dated:   July 24, 2008
8
                                        Linda L. Haynes-Pedraza
9

· 11

## PROOF OF SERVICE

I ___Carlvin Justice___ declare that I am over the age of eighteen years and not a party to the within action. My business address is 1414 62nd Street, Emeryville, California 94608.

On the date below, I served the following document(s):

**Plaintiffs Response to the show cause hearing, Supplemental Complaint**

On each interested party in said cause as indicated below:

__  by facsimile
X_  (by U.S. Certified Express Mail Overnight)  I caused a copy of said pleadings to be
     sent by overnight mail to the parties listed below:
__  by personal service:

Katherine Alberts, Claudia Leed
STUBBS & LEONE
2175 N. California Blvd., Suite 900
Walnut Creek, California 94596

Greg Wedner,
LOZANO SMITH
2000 Crow Canyon Place, Suite 5319
San Ramon, CA 94583

Office of Administrative Hearings
Special Education Division
Sherianne Laba, Presiding ALJ
2349 Gateway Oaks Drive, #200
Sacramento, CA 95833-4231

Terri A. McFarland, DGC
CALIFORNIA DEPARTMENT OF EDUCATION
1430 N. Street, Suite 5319
Sacramento, CA 95814

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 24, 2008 in the county of Alameda.

_____
Signature